**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Fred Walter SMITH,
Defendant-Appellant.**

**No. 49905.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 3, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1985.

Application to Transfer Denied
Feb. 18, 1986.

Henry B. Robertson, Jennifer H. Fisher, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Fred Walter Smith, appeals jury conviction of robbery in the second degree in violation § 569.030 RSMo 1978, on the grounds that: (1) the trial court erred in admitting irrelevant and prejudicial evidence, and (2) the trial court erred in sustaining the state's challenge for cause of a venireman. The trial court as-sessed punishment at ten years imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence from which a jury could reasonably find that on June 21, 1984, defendant forcibly stole property from another. The victim and a bystander eyewitness testified and positively identified defendant as a perpetrator of the offense. Defendant testified and offered an alibi defense.

Defendant first contends the trial court erred in admitting as an exhibit money in the amount of $20.14 taken from defendant when he was arrested the day after the robbery. He contends the evidence "was irrelevant and prejudicial in that there was no connection shown between this money and the $100.00 bill taken from the victim." Defendant argues further that "[t]he error was heightened in closing argument." The victim testified that a $100.00 bill and a wristwatch was taken from him by defendant and two others. Police Officer Joseph Brauer testified that when defendant was arrested he had in his possession $20.14. Officer Brauer's partner, Officer Daniel Saitz, testified that he seized the currency from defendant and identified state's Exhibit 3 as the $20.14 taken from defendant. No objection was raised to this testimony. Defendant subsequently objected to the introduction of state's Exhibit 3 into evidence. In the state's closing statement, it argued that if the money taken from the victim was "split" three ways "you get 33 bucks and some-odd cents." Defendant "had $20.00 of it in his pocket." Defendant made no objection to this argument.

Specific objections not made at trial when questions are asked and answers given are not preserved for appellate review. *State v. Franco*, 544 S.W.2d 533, 537 (Mo. banc 1976), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). Defendant's objection to the introduction of state's Exhibit 3 did not preserve a claim of error because the testimony and identification of the exhibit were received into evidence without objection. *State v. Weeks*,

603 S.W.2d 657, 664 (Mo.App.1980). Further, the money exhibit added nothing to the evidence and could not have had any prejudicial effect before the jury.

■ Allegations of error pertaining to allegedly prejudicial statements by a prosecutor in closing argument which are raised for the first time on appeal are not properly preserved for consideration. Rule 29.-11(d); *State v. Ballard,* 657 S.W.2d 302, 307 (Mo.App.1983). Our review is limited to a determination of whether the statements constitute plain error under Rule 29.12(b). Improper argument will justify reversal only if its effect is decisive on the jury's determination, and the defendant has the burden of demonstrating such effect. *State v. Wren,* 643 S.W.2d 800, 802 (Mo. 1983). Because the evidence was before the jury without objection, through testimony of witnesses, defendant could not and did not meet this burden. In addition, the money exhibit was related to the issue of identification, and the state independently met that issue with the testimony of two eyewitnesses, one of whom was acquainted with the defendant. Point denied.

Defendant's second contention is that the trial court erred in sustaining the state's challenge for cause of a venireman.

On voir dire the state asked if anyone "either yourself or close friend or relative has ever been charged or arrested for a crime." Those who raised their hands were given the option of responding at their seat or speaking privately by approaching the bench. Several of the venirepersons responded after which the state proceeded row by row asking the same question. The venireman in question did not respond at any time to this question. Subsequently, in chambers the state presented to the court a computer printout indicating that the subject venireman had been arrested on three different occasions and found guilty on the charge which resulted in at least one of the arrests. Defendant objected to the tender of the arrest record to the court. The arrest record bore the name, date of birth and address which were identical to that of the subject venire-

man. That venireman was summoned into chambers and asked if he had "any response to the question whether you or anyone that is closely related to you has ever been charged or arrested for a crime." The venireman responded "No." No further questions were asked of him. No direct questions were asked about the facts on the computer printout. The court then sustained the state's motion to strike the venireman for cause. Defendant raised no objection at that time, nor did he request any further examination to determine the qualifications of the venireman.

■ A challenge made for the first time after conviction can only be considered for plain error resulting in a miscarriage of justice or manifest injustice. *State v. Ofield,* 651 S.W.2d 190, 193 (Mo. App.1983), and cases cited therein. In *Ofield,* the court excused a black female venirewoman who stated she knew the defendant and did not wish to serve. The defendant claimed on appeal he was denied a full panel of qualified persons. The court there observed:

Appellant raised no objection at the time the venirewoman was excused, nor did he request any further examination to determine if in fact he [she] could afford him a fair trial. A challenge made for the first time after conviction can only be considered for plain error resulting in a miscarriage of justice or manifest injustice. [citations omitted]. The burden is upon the defense to discover and present to the court factors that may qualify or disqualify jurors. Appellant here had the opportunity to press further in questioning the venirewoman as to her qualifications but chose not to do so. [citation omitted]. The appellant, not having requested further examination of the venirewoman at the time she was stricken, and not having objected to her being stricken, cannot now complain of the court's action on appeal. Appellant has presented no evidence to indicate that he was not afforded a panel of qualified and unbiased jurors and thus it is clear that

no miscarriage of justice or manifest injustice occurred.

*Ofield,* 651 S.W.2d at 193. The defendant may not remain silent when a venireperson is stricken and then rely upon that act as a ground of appeal after conviction. Defendant had a full opportunity to use the computer printout information in direct questions with a view to clarifying the apparent discrepancy between the venireman's answers and the information on the printout. He chose not to do so. Defendant's claim of error on this account is denied.

Judgment affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.