STATE of Missouri,
Plaintiff-Respondent,

v.

Maurice D. CHEW,
Defendant-Appellant.

No. 52316.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 1, 1987.

Richard A. Fredman, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Maurice Chew, appeals from final convictions, after a jury trial, of one count of burglary in the first degree, two counts of kidnapping, and one count of armed criminal action. He was sentenced to consecutive terms of fifteen years' imprisonment for burglary in the first degree, fifteen years' imprisonment for each count of kidnapping, and life imprisonment for armed criminal action.

On appeal defendant claims the trial court erred: (1) in allowing the assistant prosecutor to introduce evidence regarding the commission of separate and distinct crimes defendant allegedly committed in Illinois; and (2) in admitting into evidence photographs of the body of a victim. Finding no error, we affirm.

Because defendant does not challenge the sufficiency of the evidence, we briefly review the evidence in the light most favorable to the verdict. At approximately 3:30 a.m., August 18, 1985, defendant abducted two females, M.S. and M.A., from their residence at gunpoint. He ordered the women out of the house and told them to get into a car driven by Lawanda Rowsey. Ms. Rowsey drove from St. Louis, Missouri to East St. Louis, Illinois to the home of defendant's sister. At this time the niece of defendant, Frankie Timmons, joined the group. Defendant asked Ms. Timmons where a "dark place" was. As defendant continued to hold both women at gunpoint, the group drove further and stopped in a secluded area. Ms. Rowsey and defendant got out of the car. Defendant told M.S. and M.A. to get out of the car and walk up a hill. The women were told to take off their clothes, and defendant told M.A. to lay down. Defendant then raped M.A. Thereafter, defendant ordered both women to lie face down on the ground. M.S. heard shots, and when she opened her eyes and looked around she did not see anyone. She felt her head and felt blood coming from the side of her head. She saw M.A. lying dead on the ground. M.S. then ran for help.

Defendant presented no evidence.

Defendant first contends the trial court erred by permitting the State to introduce evidence of the rape, murder, and attempted murder that occurred in Illinois. He argues those crimes were separate and distinct and were not probative of the charges pending before the court.

Generally evidence of crimes separate and distinct from the crimes for which the defendant is on trial is inadmissible. *State v. Lue*, 598 S.W.2d 133, 137 (Mo. banc 1980). The reason being that evidence of other crimes violates defendant's right to be tried for the offense for which he was indicted. *State v. Wright*, 582 S.W.2d 275, 277 (Mo. banc 1979). There are many recognized exceptions to this rule. Evidence of other crimes for

which defendant is not on trial is admissible if such proof has some legitimate tendency to directly establish defendant's guilt of the charge for which he is on trial. *Lue,* 598 S.W.2d at 137.

■ In the case *sub judice,* evidence of crimes defendant allegedly committed in Illinois was admissible to establish defendant's guilt for two counts of kidnapping for which he was charged. In order for the State to establish defendant's guilt for two counts of kidnapping, it had to prove he unlawfully removed M.S. and M.A. without their consent from the place where they were found, or unlawfully confined them without their consent for a substantial period, for the purpose of inflicting physical injury or terrorizing them. Therefore, evidence concerning the rape, murder, and attempted murder in Illinois was relevant and material since it was probative of defendant's intent to injure or terrorize his victims in the course of kidnapping. In effect, proof of the alleged Illinois crimes tended to establish defendant's guilt for two counts of kidnapping for which he was charged in Missouri.

In addition, evidence adduced at trial indicated the Illinois crimes were substantially contemporaneous with the commission of the Missouri crimes as to suggest one continuous transaction in the accomplishment of a common design. Evidence of other crimes is admissible to prove a common plan or scheme embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *State v. Hindman,* 543 S.W.2d 278, 287 (Mo.App.1976). Defendant's first point is denied.

■ Defendant next claims the trial court erred by permitting the State to introduce gruesome and shocking photographs of M.A. after she was raped and murdered in East St. Louis, Illinois. He argues the photographs were gruesome,

shocking and totally irrelevant with regard to proving the charges for which he was on trial, and were admitted solely for the purpose of inflaming the jury's emotions and creating prejudice against him.

The trial court has broad discretion in the admission of photographs. *State v. Guinan,* 665 S.W.2d 325, 331 (Mo. banc 1984). Photographs should not be rejected solely because they tend to be inflammatory. *State v. Sherrill,* 657 S.W.2d 731, 737 (Mo. App.1983). The photographs in question accurately depict the body of a victim who has been raped and murdered. If the photographs are gruesome and shocking it is because the crime itself was of that nature. *State v. Jones,* 726 S.W.2d 400, 402 (Mo. App.1987). Accurate photographs of a victim's body are inflammatory. *Jones,* 726 S.W.2d at 402.

The dispositive issue when dealing with gruesome and shocking photographs is whether or not they are probative of a material fact. *State v. Nolan,* 717 S.W.2d 573, 577 (Mo.App.1986). Here, the photographs, which depict the hill both women were forced to walk up and which show the nude body of M.A. lying face down, corroborate the testimony of M.S. The photographs were clearly relevant to prove the injury and terrorizing element of kidnapping. We find no abuse of discretion in the trial court's admission of the photographs into evidence. Defendant's second point is denied.

The judgment is affirmed.

SIMON, P.J., and GRIMM, J., concur.