**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Paul G. SEEMILLER,
Defendant–Appellant.**

No. 54300.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Stormy White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Paul Glennon Seemiller, appeals from his convictions, after a jury trial, of burglary in the first degree and sexual abuse in the first degree. He was sentenced to fifteen years' imprisonment and a concurrent term of five years respectively. We affirm.

We review the evidence in the light most favorable to the State. At trial, the victim testified that the attack occurred in her apartment on December 24, 1986, at approximately 12:00 p.m. She testified that at approximately 11:30 a.m., she heard a knock and opened her front door and saw the defendant knocking on the apartment door across the hall holding a white envelope. Victim then closed her door. A few minutes later, she heard a knock on her door. Victim opened the door slightly, and defendant pushed it wide open. He grabbed her by the throat and dragged her to the floor. Defendant forced himself on top of victim such that their pelvic regions touched through their clothing. Defendant also placed his hand between the victim's legs. The telephone rang during the struggle, and victim was able to scream into the receiver for the caller to telephone the police. At that point, defendant fled.

The police arrived shortly thereafter. Victim gave a description of her attacker and later picked defendant out of a lineup as her attacker. The police recovered the white envelope which the attacker had in his hand when the victim initially opened her door. The white envelope contained a Christmas card signed "Paul" (the defendant's first name). The neighbor testified at trial that she was not in her apartment on December 24, 1986, but that she discovered the Christmas card when she returned. The neighbor relayed that she knew the defendant from a bowling alley where she worked. She testified that defendant had sexually harassed her in the past. Specifically she stated that defendant came uninvited to her apartment the week prior to victim's attack and attempted to force his way into her apartment demanding that the neighbor have intercourse with him. Neighbor explained that the defendant left her apartment because her dog scared him away.

Defendant first claims the trial court erred in permitting the victim's neighbor to testify, over objection, that defendant attempted to force his way into neighbor's apartment and demanded that she have intercourse with him. Defendant contends

this testimony was prejudicial and, therefore, inadmissible because the evidence was irrelevant and evidence of misconduct for which defendant was not on trial.

A criminal defendant has the right to be tried only for the crime or crimes with which he is charged. *State v. Morton*, 684 S.W.2d 601, 609 (Mo.App.1985). Normally, specific instances of conduct relating to other crimes, wrongs, or acts are inadmissible to prove that an accused acted in conformity with the prior act. *State v. Chew*, 740 S.W.2d 715, 716 (Mo.App.1987). However, there are certain well-settled exceptions to this rule. *State v. V.___ C.___*, 734 S.W.2d 837, 842 (Mo.App.1987). Evidence of other crimes is competent to prove the charged crime when such evidence tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged with committing the crime. *Id.* If the evidence is relevant it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. *State v. Williams*, 602 S.W.2d 209, 212 (Mo.App. 1980). The general rule is that proof of the commission of separate and distinct crimes is inadmissible unless it has some legitimate tendency to establish that the defendant is guilty of the crime for which he is charged. *Morton*, 684 S.W.2d at 609.

■ Assuming the evidence of defendant's conduct at the neighbor's apartment falls within the category of another crime or wrong, it was admissible because it was clearly related to the charged crimes. Defendant attempted to force his way into the neighbor's apartment while making sexual advances towards her. Defendant questioned at trial the accuracy of the victim's description of her attacker and her lineup identification. The neighbor's testimony was, therefore, relevant to prove the assailant's identity. *See Williams*, 602 S.W.2d at 213. Additionally, the evidence was relevant to prove defendant's intent and motive was sexual gratification. *See State v. Hobbs*, 687 S.W.2d 634, 635 (Mo.App.1985).

■ Defendant's argument that the evidence was prejudicial is inapposite. Incriminating evidence is, by definition, preju-dicial. The test is whether the evidence is relevant. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982). Defendant's first point is denied.

■ Defendant next claims the trial court erred in overruling his motion for a directed verdict on the charge of sexual abuse in the first degree because the State failed to make a submissible case. Defendant argues that the State failed to produce evidence of sexual contact.

In challenging the sufficiency of the evidence, the State is entitled to the most favorable review of the evidence. *State v. Brummell*, 731 S.W.2d 354, 356 (Mo.App. 1987). A person commits the crime of sexual abuse in the first degree if: "He subjects another person to whom he is not married to sexual contact without that person's consent by the use of forcible compulsion...." Section 566.100, RSMo (1986). " 'Sexual contact' means any touching of the genitals or anus of any person, or the breast of any female person, *or any such touching through the clothing*, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3), RSMo (1986). (emphasis added).

In this case, the evidence showed the defendant was on top of the victim such that their pelvic regions touched, albeit through their clothing, and that he placed his hand between the victim's legs. Clearly, that was sufficient to prove sexual contact within the meaning of the statute. Defendant's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.