STATE of Missouri, Plaintiff–
Respondent,

v.

Paul Allen WILLIAMSON, Jr.,
Defendant–Appellant.

and

Paul Allen WILLIAMSON, Jr.,
Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

Nos. 17377, 17803.

Missouri Court of Appeals,
Southern District,
Division One.

July 14, 1992.

Judith C. LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

Paul Allen Williamson, Jr., (defendant) was found guilty of robbery in the first degree. § 569.020.[1] He was charged as and found to be a prior offender, § 558.-016.2, and a persistent offender, § 558.-016.3. He was sentenced to ten years' imprisonment. Thereafter, defendant filed a Rule 29.15 motion for post-conviction relief. He was determined to be indigent and counsel was appointed to represent him in that proceeding. An amended motion was filed. It was denied after an evidentiary hearing. Defendant appeals from the judgment of conviction in his criminal case (No. 17377) and the order denying his Rule 29.15 motion (No. 17803). The appeals were consolidated as required by Rule 29.15(1). This court affirms the trial court's judgment of conviction and the motion court's order denying the Rule 29.15 motion.

During the evening of July 17, 1990, David Boone went to a Git–N–Go convenience store to buy cigarettes. After he arrived at the convenience store, David realized that he had the proceeds from a paycheck he cashed that day with him. He took the money from his pocket and put it in one of his socks. After he bought the cigarettes, David left the store. He went outside to use a telephone. He placed the cigarettes on top of the telephone while he placed a call. Billy Doyle, who David did not know previously, appeared and asked for a cigarette. David gave him a cigarette. Doyle remained near the telephone while David completed his call.

David left the convenience store to return to his residence. He reached into the sock where he had put his money, removed the money and placed it in one of his pockets. He proceeded to walk along Mt. Vernon Street. As he was walking, a car pulled alongside him. Doyle got out of the car and walked alongside David. As they were walking, David saw defendant. David explained, "Doyle had got out of the car, started walking, you know, like right there beside me, and [defendant] was just right up in front of me standing there, I guess, waiting for Doyle or whatever. I really don't know."

David was grabbed, assaulted and robbed. He testified that defendant hit him—David was uncertain about the number of times he was struck. He described his injuries:

> But the back of my head and everything like that was bruised and bumped, and my nose was broke, and I couldn't see. My eyes were swollen up. You know, the next day, they were swollen up to where I couldn't even see and—

After the beating, David was on the ground. Defendant placed a knife by David's side and told him to pull out his right pocket with his left hand. He did so and was then told to pull out his back pocket. The pockets were empty. David was rolled onto his other side. David's wallet was in a pocket on that side. It was taken, but there was no money in the wallet. Defendant and Doyle then checked David's remaining pocket—the one in which he had the money. They took the money.

Defendant presents three points on appeal. The first is directed to the criminal

1. References to statutes are to RSMo 1986.

trial and the second and third to the Rule 29.15 motion.

By his first point, defendant contends that the trial court erred in denying motions for mistrial that were based upon references to uncharged crimes made during the testimony of David Boone and Billy Doyle. He claims that "references to uncharged crimes suggested to the jury that [defendant] was guilty of the other offenses and further impermissibly suggested that if [defendant] was guilty of the other offenses, he was more likely to be guilty of the charged offense[] of which he was on trial."

The first incident about which defendant complains occurred during the state's case-in-chief, when David Boone was testifying. The following questions were asked and answers given:

Q. (to David Boone) Did you know who the individuals were that had robbed you that night?

A. I'd never met them before, no.

Q. You hadn't seen them?

A. I believe I might have seen [defendant] about a week later—a week before whenever I was beat up.

There was no objection to that testimony.

Unless specific objections are made at trial when questions are asked and answers given, issues presented by that testimony are not preserved for appellate review. *State v. Smith*, 703 S.W.2d 50, 51 (Mo.App.1985). Since there was no objection at trial insofar as these questions and answers are concerned, unless there is "plain error," this court has nothing to review. Defendant, by his brief, has requested that his complaint with respect to this testimony be reviewed "for plain error under Missouri Supreme Court Rule 84.-13."[2]

In considering defendant's request for review as "plain error," this court notes, as was aptly pointed out in the state's brief, that the testimony of the victim about which defendant complains did not, by any means, clearly and concisely state that defendant had assaulted him previously. Upon cross-examination, there was some further indication that David Boone meant that defendant had assaulted him a week before the date of the incident that is the subject of this case. When the testimony about which defendant complains is taken in the context of the other testimony of David Boone, it is evident that David's reference to a prior assault was made for the purpose of explaining that he was certain that defendant was the one who participated in the crime that was charged. "Evidence of other crimes is competent to prove the charged crime when such evidence tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or *the identity of the person charged with committing the crime.*" *State v. Seemiller*, 775 S.W.2d 273, 275 (Mo.App.1989) (emphasis added). There was no manifest injustice nor miscarriage of justice. Defendant's claim of plain error is denied.

The second basis for defendant's claim of trial court error relates to the cross-examination of Billy Doyle, one of defendant's witnesses. Doyle testified about the assault of David Boone and that, in the course of the assault, David had been forced to the ground. He testified that defendant had a knife at the side or back of David; that defendant told David to empty his pockets. He saw defendant "taking stuff out of his pockets." Doyle was asked the following questions and gave the following answers:

Q. Now, you knew [defendant] before this incident, didn't you?

A. Yeah, quite a long time.

Q. How long have you known him?

A. Probably about a year before that.

Q. And you've known him since then, haven't you?

A. Yeah.

Q. Have you made—had any threats made to you about—

**2.** Although defendant refers to Rule 84.13, the rule that permits "[p]lain errors affecting substantial rights" to be considered on appeal in civil cases, Rule 30.20 is the rule that permits such errors to "be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom" in criminal cases.

At that point defendant's trial counsel objected, "That's beyond the scope of Direct Examination. It's inflammatory, it's prejudicial, and has no bearing on this case." Following an offer of proof, the objection was sustained. Following discussion between client and counsel, defendant requested that the trial court declare a mistrial. The request was denied.

■ "The declaration of a mistrial is a drastic remedy, and should not be granted except in extraordinary circumstances, and the decision of whether to grant a mistrial is a matter addressed to the sound discretion of the trial court, which should be honored by the appellate courts unless there is a clear showing in the record that such discretion was abused." *State v. Gamble*, 781 S.W.2d 820, 823 (Mo.App. 1989). This court does not find any abuse of discretion by the trial court in its denial of defendant's request for a mistrial.

All that occurred in the presence of the jury was the asking of the question by the prosecuting attorney, "Have you made— had any threats made to you about—[?]" Billy Doyle gave additional testimony, but not in the presence of the jury. The additional testimony was given as part of two offers of proof, outside the presence of the jury, which the trial court denied.

■ If defendant had threatened the witness, testimony concerning those threats would have been admissible. Such circumstances would have demonstrated guilt and consciousness of guilt. *State v. Henderson*, 750 S.W.2d 555, 559-60 (Mo. App.1988). Although the prosecuting attorney could possibly have ascertained, before trial, the answer that Doyle was likely to give if the question were asked and then avoided asking the question, there is nothing in the record on appeal that infers any improper motive on the part of the prosecuting attorney with respect to his asking if the witness had been threatened.

Additionally, the record on appeal reveals that at the start of the case, after the jury was selected, "[i]nstructions were then read to the jurors by the Court." The legal file contains copies of the trial court's instructions to the jury. They include "In-

struction No. 2" which is pattern instruction MAI–CR3d 302.02. MAI–CR3d 302.02 is required to be read to the jury after the jury is sworn, but before opening statement or presentation of any evidence. That instruction is also given to the jury in writing, along with the other written instructions of the court, to take to the jury room for use in their deliberations. It includes the following admonition:

> You must not assume as true any fact solely because it is included in or suggested by a question asked a witness. A question is not evidence, and may be considered only as it supplies meaning to the answer.

■ A jury is presumed to have followed a trial court's instruction in the absence of a showing to the contrary. *State v. Hunter*, 586 S.W.2d 345, 348 (Mo. banc 1979). There was no showing to the contrary. It is presumed that the jury followed the admonition of the trial court to not consider the unanswered question that is the basis of defendant's complaint. Defendant's first point is denied.

Defendant's remaining points are directed to defendant's Rule 29.15 motion. Defendant alleges that he received ineffective assistance from his trial counsel.

■ Appellate review of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(j). In reviewing the motion court's determination with respect to ineffective assistance of counsel, "the focus is on (1) counsel's performance, and, (2) if that performance is deficient, whether prejudice resulted from counsel's breach of duty. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1983); *Sanders v. State*, [738 S.W.2d 856 (Mo. banc 1987) ] at 857–58." *Driscoll v. State*, 767 S.W.2d 5, 7 (Mo. banc), *cert. denied*, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989).

Counsel's performance is assessed by determining if counsel acted "reasonably within prevailing professional norms under all circumstances." See *Sanders* at

858. *"Reasonably* effective assistance may be defined as 'the skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances.'" *Sanders* at 858, quoting *Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984), quoted in *Kellogg v. Scurr,* 741 F.2d 1099, 1100 (8th Cir.1984). (Emphasis in *Sanders.*)

Appellant bears the burden of proving his grounds for relief by a preponderance of evidence.... That burden, with respect to an allegation of ineffective assistance of counsel, has been characterized as being "heavy" to bear. *Stevens v. State,* 560 S.W.2d 599 (Mo.App.1978); *Pickens v. State,* 549 S.W.2d 910 (Mo. App.1977); *Lahmann v. State,* 509 S.W.2d 791 (Mo.App.1974).

It is within these parameters that the contentions by this appellant are considered.

767 S.W.2d at 7.

Defendant's second point on appeal refers to his trial counsel's failure to object to the question that resulted in defendant being identified as a participant in an earlier assault upon David Boone. He complains that his trial counsel failed "to object when the state elicited testimony from David Boone that he may have seen [defendant] during an earlier uncharged assault."

■ As observed in addressing defendant's first point, evidence of crimes other than the one on trial may sometimes be admissible. One such circumstance is when the evidence of the other offense aids in identifying an accused. *State v. Seemiller, supra.* The reference to the earlier assault was a means by which David Boone identified defendant. The motion court found that trial counsel was not ineffective for failing to object to the evidence that defendant had previously assaulted David Boone. That finding is not clearly erroneous. Defendant's second point is denied.

Defendant asserts, as his third point, that his trial counsel was ineffective because he did not call alibi witnesses to testify. Specifically, defendant complains that his trial counsel failed "to call alibi witnesses, Billy Gray, Diane Williamson,

Shannon Scott, Greg Smith and Lea and Jennifer Williamson to testify at trial." The motion court made the following finding:

... The Court finds that trial counsel did interview potential witnesses, as requested by [defendant], and that said witnesses did not have any information which was exculpatory or would have led to a defense.

At the evidentiary hearing on the Rule 29.15 motion, defendant's trial counsel explained why he did not call the alibi witnesses. He testified that he contacted Diane Williamson, defendant's mother, Shannon Scott, Greg Smith, Lea Williamson and Jennifer Williamson. He did not contact Billy Gray. He said that defendant told him that Billy Gray lived with Joseph Aaron Moss, a person who "was very hostile to [defendant]," and that defendant told him not to contact Moss. The trial counsel's assessment of his interviews with potential witnesses was that none of them had seen defendant at the time the offense was supposed to have occurred; that their testimony would not have been helpful. The attorney explained the strategy he pursued in representing defendant:

My theory of defense was reasonable doubt, of which mistaken identity was one element. The other element was the contradiction in the stories of Mr. Boone and Mr. Doyle, who stated that the incident happened at different places, and they gave different circumstances. So I hoped to shed—or in the minds of the jury to create doubt as to the credibility of any of these people both as to identity and to the facts of the incident.

■ The motion court concluded that defendant's trial counsel was not ineffective in that the choice of witnesses and defense tactics are a matter of trial strategy and may not be a basis for a claim of ineffective assistance of counsel; that "[t]rial counsel cannot be ineffective in failing to call a witness, in the absence of any showing that the witness would have provided a defense or led to the discovery of a defense." Those findings and conclusions are not clearly erroneous. *See Childress–*

*Bey v. State,* 779 S.W.2d 697, 699 (Mo.App. 1989); *Young v. State,* 761 S.W.2d 725, 727–28 (Mo.App.1988); and *Jones v. State,* 600 S.W.2d 189, 191 (Mo.App.1980). Defendant's third point is denied.

The judgment of conviction in case No. 17377 is affirmed. The order dismissing the Rule 29.15 motion in case No. 17803 is affirmed.

CROW, P.J., and SHRUM, J., concur.