**STATE of Missouri, Respondent,**

v.

**Steve R. McINTYRE, Appellant.**

**No. WD 59528.**

Missouri Court of Appeals,
Western District.

Dec. 26, 2001.

Jay R. Anielak, Assistant Prosecuting Attorney, Jefferson City, for Respondent.

Scott A. Hamblin, Assistant Public Defender, Jefferson City, for Appellant.

Before HOWARD, P.J., and BRECKENRIDGE and NEWTON, JJ.

VICTOR C. HOWARD, Presiding Judge.

Steve R. McIntyre appeals from his conviction of sexual misconduct, § 566.090.[1] McIntyre's sole point on appeal is that the trial court erred in finding him guilty of sexual misconduct because the State provided insufficient evidence that he engaged in conduct that would constitute sexual contact in that the State failed to show that the contact was done "for the purpose of arousing or gratifying sexual desire," as required by § 566.010.

We affirm.

### Facts

Billy Joe Morris and Steve R. McIntyre, both disabled, lived in the same apartment building in Jefferson City, Missouri. Both incidents involved in this case occurred between December 1999 and February 2000.

The first incident occurred in McIntyre's apartment one evening, when Morris and McIntyre, as well as some of their mutual

---

1. All statutory references are to RSMo 2000.

friends, had gotten together. Morris testified that after their friends left that evening and he and McIntyre were alone, McIntyre placed his hands between Morris's legs and started playing with his "private area." Morris told McIntyre to stop, and McIntyre removed his hand. Morris testified that as he got up to leave, McIntyre swatted him on his rear end with his hand.

The second incident took place in McIntyre's car while McIntyre was driving and Morris was a passenger. No one else was in the car. Morris stated that while McIntyre was driving, he reached over and placed his hand over Morris's leg, ran his hand down between Morris's legs, and grabbed him in the crotch area. Morris again told McIntyre to stop, and McIntyre removed his hand. Morris testified that later that night, McIntyre told him that if he told anyone else about the incident, "some kind of physical harm" would be done to him. Morris testified that he never wanted McIntyre to touch him or asked McIntyre to touch him in the crotch area. He also testified that he did not play the "crotch slap" game discussed more fully below.

Carla Kilgore of the Jefferson City Police Department testified that when she questioned McIntyre at the police station on February 26, 2000, she told McIntyre that Morris had told her that McIntyre had been touching Morris in an inappropriate way. McIntyre responded that it was part of a "joke" where they would slap each other between the legs when they saw each other. Kilgore told McIntyre that that was not what she was referring to, that it was another issue that was more serious. Then, Kilgore testified, "after discussing it for quite some time, he did

admit to touching [Morris] inappropriately, approximately 30 times" on the outside of his clothing in his groin area. Kilgore testified that McIntyre wrote part of his statement to the police, then dictated the rest to her because he was upset and because of his disability. McIntyre read the statement, Kilgore went over it with him, and McIntyre signed the statement.

James Beam, a mutual friend of McIntyre and Morris, testified that the group of friends would play a game where they would slap each other in the genitals and inside the leg. He referred to the game as horseplay. He testified that he saw Morris participate in this game. Beam testified that the game never involved putting a hand on the inside of someone's thigh.

William Bates, another friend of McIntyre and Morris, also testified that the friends would play a "game" that involved slapping, grabbing and pinching, but on the rear end, not the crotch.

McIntyre testified that the game involved "slapping on the side of the legs" and "sometimes ... in the crotch area." McIntyre testified that other than the game, he only touched Morris on his knee in order to get him to smile "just for a tickling ... motion type deal" and the touching was not intended as sexual contact or done for a sexual purpose. He testified that he sometimes has trouble reading and that he did not intend to say in his statement to the police that he touched Morris in a sexual way. He testified that he made the statement to Kilgore because he felt "under pressure" to do so.

McIntyre's statement to the police [2] stated that he was sorry for his actions with Morris and he did not mean to hurt Morris. It also stated that McIntyre wanted

---

[2]. McIntyre's statement is not included in the record on appeal. However, McIntyre con-

cedes this is the content of his statement.

to attend counseling (court-ordered counseling from his first offense) and that he would stay away from Morris. McIntyre also stated that he viewed Morris as his brother and that he realized he had a problem.

McIntyre was charged by information with sexual misconduct, § 566.090. Following trial, McIntyre was found guilty of sexual misconduct and sentenced to a suspended term of 180 days in the Cole County jail, two years of unsupervised probation, and 15 days shock probation in the Cole County jail. This appeal follows.

### Standard of Review

 In reviewing a claim that the evidence is insufficient to support a conviction, we determine whether or not there was sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). We accept as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

### Argument

McIntyre's sole point on appeal is that the trial court erred in finding him guilty of sexual misconduct because the State provided insufficient evidence that he engaged in conduct that would constitute sexual contact in that the State failed to show that the contact was done "for the purpose of arousing or gratifying sexual desire," as required by § 566.010.

Section 566.090.1 provides as follows:

A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent.

Section 566.010(3) defines "sexual contact" as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person."

McIntyre argues that all three defense witnesses stated that the touching occurred because of a game the individuals and Morris were playing. McIntyre claims that under these circumstances, a reasonable person would not have deemed the touching to have been for the purpose of arousing or gratifying sexual desire of any person.

 "Direct evidence of the defendant's intent is rarely available; intent is most often proven by circumstantial evidence." *State v. Pettit*, 976 S.W.2d 585, 591 (Mo.App. W.D.1998). Intent may be inferred from surrounding facts or the act itself. *State v. Theus*, 967 S.W.2d 234, 239 (Mo.App. W.D.1998). Furthermore, we do not determine the credibility of witnesses, but rather we "defer to the trial court's superior position from which to determine the credibility of the witness[es]." *State v. Carroll*, 41 S.W.3d 878, 882 (Mo. banc 2001).

 We hold that the evidence in this case is sufficient to support a finding by the trial court that McIntyre's contact with Morris was done for the purpose of arousing or gratifying his sexual desire. The acts themselves and the surrounding circumstances (i.e., the sexual nature of the acts and the fact that the men were alone when the incidents occurred), McIntyre's statement to police, and McIntyre's threat to Morris following the second incident

provided a sufficient basis for the trial court to infer that the contact was done for the purpose of arousing or gratifying McIntyre's sexual desire.

The judgment of the trial court is affirmed.

BRECKENRIDGE and NEWTON, JJ., concur.