STATE of Missouri, Plaintiff–
Respondent,

v.

Steven Arnold WILLIS, Respondent–
Appellant.

No. 28149.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 3, 2007.

Robert D. McGee, Springfield, MO, for
Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Shaun J. Mackelprang, Assistant Attorney
General, Jefferson City, MO, for Respon-
dent.

GERALD D. McBETH, Senior Judge.

This appeal arises from the conviction of
Steven Arnold Willis ("Defendant"), for
first degree child molestation in violation
of Section 566.067.[1] On appeal, Defendant

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

challenges the sufficiency of the evidence to support his conviction.

In September of 2003, C.G., who was born on January 12, 1991, spent the night at Defendant's home in order to baby-sit Defendant's children the next morning. C.G. often baby-sat for Defendant and Defendant's wife, Missle Willis. C.G. did not usually stay overnight at the house, but did so on this particular occasion because Defendant and his wife would be leaving early in the morning to go to work. Before going to bed that night, C.G. sat down on the couch to watch television while Defendant was sitting in a chair at the computer. Defendant rolled his chair over to C.G. and began touching her. Defendant put his hands in her pants, touched her bottom, and rubbed her vagina area. C.G. tried to hit Defendant but Defendant grabbed her wrist to stop her. C.G. began yelling and Defendant stopped touching her and went back to the computer.

After a jury trial, Defendant was found guilty of first degree child molestation. Defendant raises two points on appeal. First, he claims that the trial court erred in denying his motion for acquittal in that there was insufficient evidence to establish that he actually touched the genitals, anus or the breasts of C.G. as required by Sections 566.010 and 566.067. Second, Defendant alleges that the trial court erred in not granting his motion for acquittal because insufficient evidence existed that Defendant had touched C.G. for the purpose of arousing or gratifying the sexual desire of any person.

"We review the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case." *State v. Davis*, 219 S.W.3d 863, 866 (Mo.App. S.D.2007). On appeal, we review to determine whether sufficient evidence existed from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* We view the evidence in the light most favorable to the verdict and defer to the jury's assessment of the credibility of witnesses. *State v. Byron,* 222 S.W.3d 338, 339 (Mo.App. W.D. 2007).

■ Under Section 566.067, a person commits the crime of first degree child molestation if he "subjects another person who is less than fourteen years of age to sexual contact." "Sexual contact" is defined in Section 566.010 [2] as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person."

In describing the incident at trial, C.G. testified as follows:

Q. (by State) What did [Defendant] do?

A. (by C.G.) He put his hands in my pants.

. . . .

Q. Okay. And where did he put his hand?

A. Up my shorts.

. . . .

Q. What part of your body did he touch at that point?

A. My bottom.

Q. And when you say bottom, is that a cheek or is that in between your cheeks, or what would that be?

A. My cheeks and my front side.

Q. Okay. Lets go back to the cheeks. What did—Did he squeeze or do anything when he was there?

A. He was squeezing.

Q. Okay. And then what did he do?

2. RSMo Cum.Supp.2002.

A. Then he rubbed me.

Q. And when you say he rubbed you, where did he rub you?

A. The front side of me.

Q. The front side. Was this underneath your clothes?

A. Yes.

Q. Was this underneath your underwear?

A. Yes.

Q. Was it skin-to-skin?

A. Yes.

Q. . . . . You say that he rubbed the front of you. Can you tell the-tell us exactly what does that mean? Does it mean your belly, does it mean your neck?

A. No, my vagina area.

. . . .

Q. And what type of actions did his hand do while he was on your vagina?

A. He was rubbing me.

. . . .

Q. . . . . Did you have pubic hair at that time?

A. Yes.

Q. Did he touch your pubic hair?

A. Yes.

 Defendant argues that C.G.'s trial testimony was insufficient to establish that any touching of the genitals actually occurred. When a defendant challenges the sufficiency of the evidence to support a finding that sexual contact occurred, the issue is "whether there is at least a reasonable inference that there was the touching of the genitals or anus of any person or the breast of a female." *State v. Wilkins*, 872 S.W.2d 142, 145 (Mo.App. S.D.1994).

In *State v. Seemiller*, 775 S.W.2d 273, 275 (Mo.App. E.D.1989), a defendant's sexual abuse conviction was upheld against the defendant's challenge that the evidence did not support a finding that sexual contact had occurred.[3] In *Seemiller*, the evidence consisted only of the defendant being on top of the victim such that their pelvic regions touched and the defendant placing his hand in between the victim's legs. *Id.* In *State v. Eastin*, 735 S.W.2d 50, 53 (Mo.App. E.D.1987), a defendant argued that insufficient evidence existed to support a finding that sexual contact had occurred between him and the victim. The *Eastin* court found that a submissible case was made when the victim testified that "[the defendant] touched me in the front and rubbed me in the back." *Id.*

C.G.'s reference to her "vagina area" does not render the evidence insufficient. When a child is the victim of a sexual crime, the "name by which body parts are identified is a collateral matter." *State v. Ray*, 852 S.W.2d 165, 169 (Mo.App. S.D. 1993). In *Ray*, a child victim testified that the defendant had touched her between her legs in the "wrong spot" and "in the private." *Id.* The *Ray* court found the victim's testimony sufficient to support a reasonable inference that the victim was referring to her genitals. *Id.* In the case at bar, C.G. testified that Defendant had put his hand under her underwear and had touched her pubic hair. Based on the cases previously cited, it is clear that a reasonable inference from C.G.'s testimony was that Defendant's touching constituted "sexual contact" within the definition of Section 566.010. Defendant's first point is denied.

---

**3.** At the time of *Seemiller*, sexual abuse occurred when a person subjected another person to whom he was not married to sexual contact without that person's consent and by use of forcible compulsion. 775 S.W.2d at 275. "Sexual contact" had the same definition as it did when Defendant committed the crime of first degree child molestation. *Id.;* Section 566.010, RSMo Cum.Supp.2002.

For his second point, Defendant argues that there was insufficient evidence to establish that his touching of C.G. was done for the purpose of arousing or gratifying sexual desire of any person.

"In assessing whether a touching is for the purpose of arousing or gratifying sexual desire rather than being an innocent touching, a fact-finder looks at the circumstances of the particular case." *State v. Morton*, 229 S.W.3d 626, 630 (Mo. App. S.D.2007) (quoting *State v. Love*, 134 S.W.3d 719, 723 (Mo.App. S.D.2004)). The actor's purpose is determined from his mental state. *Id.* However, because direct evidence of a person's mental state is rarely available, proof of the actor's mental state will often rest on circumstantial evidence and permissible inferences. *Id.; State v. McIntyre*, 63 S.W.3d 312, 315 (Mo. App. W.D.2001).

In *Love*, this Court explained that Section 566.010 contains the language "for the purpose of arousing or gratifying sexual desire" in order to exclude innocent contact from being deemed criminal conduct. 134 S.W.3d at 723. In the case at bar, Defendant placed his hand down C.G.'s shorts and under her underwear, "squeezed" her bottom, and rubbed her "vagina area." The touching occurred in Defendant's living room while C.G. and Defendant were alone together. When C.G. tried to stop Defendant, he grabbed her wrist and refused to stop. Defendant only stopped the touching when C.G. began yelling. We hold that the evidence in the case at bar was sufficient to support the submissal of the issue to the jury. Therefore, the trial court did not err in denying Defendant's motion for an acquittal.

Defendant's second point is denied and the judgment is affirmed.

BARNEY, P.J., and RAHMEYER, J., concur.