**STATE of Missouri, Plaintiff-Respondent,**

v.

**James Robert PURK, Defendant-Appellant.**

**No. WD 32199.**

Missouri Court of Appeals, Western District.

Oct. 13, 1981.

Motion for Transfer to Supreme Court Denied Dec. 8, 1981.

K. Stanley Clay, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., and Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before KENNEDY, P. J., and WASSERSTROM and SHANGLER, JJ.

KENNEDY, Presiding Judge.

Defendant was convicted of two counts of sexual abuse in violation of § 566.100.-1(2), RSMo 1978, and was sentenced in accordance with the jury verdict to five years' imprisonment on each count to be served consecutively. He appeals, alleging insufficiency of the evidence to support the verdict, and complaining of the court's omitting a required finding from the verdict-directing instruction and of the court's failure to instruct on lesser included offenses.

The facts disclosed by the evidence were as follows: The defendant, who was known as Dusty, was a guest in the home of one Jan Horton on the evening of March 14, 1980. Nine-year-old female A. was residing in the Horton residence at this time. Jan's house on this evening was the gathering place for a group, including adults and children, who were going to a social event at another house. Among the group, besides the defendant, were Diane and her daughter, seven-year-old H. For some period of time during the evening A. and H. were in the living room with the defendant. The other adults were at other places in the house. It was noticeable that Dusty had been drinking. A part of the time the room was dark. Seven-year-old H. sat on his lap.

The testimony of H. was that "he (defendant) felt me up . . . he felt my vagina". H. said she later in the evening told her mother and Jan about the incident. Jan

said that at one point she came into the darkened room and turned on the light. H. was sitting on the defendant's lap. Jan testified with respect to H.'s demeanor: "Well, she looked, she looked very distant, she had a distinctly different look on her face than I had seen on her face before. It was kind of, well, blank, and her eyes were wide and she immediately got off of Dusty's lap."

Nine-year-old A. testified that while in the living room with Dusty, he touched her "in the vagina" with his fingers. At some point later in the evening A. and H. reported the incident to Jan and to Diane, H.'s mother. Jan confronted the defendant with the girls' charges. He replied that "he didn't want to get the girls in any kind of trouble so ... he wasn't going to say he didn't do it".

*Sufficiency of evidence.*

Defendant claims that the evidence was insufficient to support the conviction in that it did not show that the defendant "touched the genitals of the alleged victims *for the purpose of arousing or gratifying sexual desires*", and therefore it does not prove the "sexual contact", which is one of the elements of the crime of sexual abuse in the first degree. Sec. 566.100, RSMo 1978. "Sexual contact" is defined by § 566.010 as being a touching of private parts "for the purpose of arousing or gratifying sexual desire of any person".

■ We disallow the defendant's point, holding that the jury could infer from the act in the circumstances of this case that the defendant's purpose in the touching was "for the purpose of arousing or gratifying sexual desire", and that it was not an innocent or accidental touching.

*Modification of MAI–CR 2d instruction.*

Appellant next complains that the verdict directors did not conform to MAI–CR 2d, 20.16.2, in that they did not require the jury to find that the defendant was not married to the alleged victims.

■ It is true as defendant points out that said Approved Instruction does contain a required finding that "the defendant was not married to [name of victim]". The instructions as submitted to the jury omitted that finding. The trial court in modifying the instruction correctly noted that § 566.-100, supra, the statute defining the crime of sexual abuse in the first degree, does not include as an element of the offense the fact that the defendant is not married to the victim, where the victim is under 12 years of age. In such a case, modification of the Pattern Instruction is not error. Rule 28.02(d), Supplemental Notes on Use, MAI–CR 2d, 17.00.3.

Even if the modification were error, which we hold it was not, we can confidently say that there was no prejudice to the defendant in the omission of the requirement of the non-marriage finding. It was perfectly plain from the evidence, and the defendant has at no point in the lower court or here claimed otherwise, that he was not married either to the seven-year-old girl or the nine-year-old girl. We cannot find prejudicial error in the failure to hypothesize a plain, obvious and undisputed fact, when that fact is not an element of the crime.

*Failure to instruct on lesser included offenses.*

Defendant's final point is that the court erred in failing to instruct on the offense of sexual abuse in the third degree, defined by § 566.120, RSMo 1978, a Class B misdemeanor, and on the offense of sexual misconduct, defined by § 566.090, supra, a Class A misdemeanor. The appellant says that these are lesser included offenses within the crime of sexual abuse in the first degree, with which he was charged and upon which the jury was instructed.

■ We will assume without deciding that the two offenses are lesser included offenses of sexual abuse in the first degree. See § 556.046, RSMo 1978. Still the court was not required to instruct on the two offenses. The above statute says:

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Sec. 556.046.2, supra.

In this case there was no basis for acquitting the defendant of the offense charged *and* convicting of the included offense.

There was not basis for acquitting of first-degree sexual abuse, § 566.100.1(2), supra, *and* convicting of sexual misconduct, § 566.090.1(2), supra. Say the jury believed the facts of the offense as testified to by the witnesses. The facts then, if believed by the jury, would have convicted the defendant of sexual misconduct, § 566.090.-1(2) (the girls being under 17 years of age), and also of first-degree sexual abuse, § 566.100.1(2) (they being under 12 years of age). But there would have been no basis for convicting of the lesser offense of sexual misconduct, while acquitting of the offense charged, first-degree sexual abuse. Had the jury convicted of the former and acquitted of the latter, it could be only because they believed the girls were under 17 and not under 12. But there would have been no basis for that, for the only evidence in the case was that they were under 12 years of age. Likewise, there was no basis for convicting of third-degree sexual abuse, § 566.120, while acquitting of the charged offense of first-degree sexual abuse, since all the evidence was that the girls were under 12 years of age and no question has at any time been raised about that.

The judgment is affirmed.

All concur.