STATE of Missouri, Plaintiff–
Respondent,

v.

Donald C. LOVE, Defendant–Appellant.

No. 25655.

Missouri Court of Appeals,
Southern District,
Division Two.

April 22, 2004.

Motion for Rehearing or Transfer to
Supreme Court Denied May 17, 2004.

Timothy R. Cisar, Bridges, Cisar & Mizell, L.L.C., Lake Ozark, Elizabeth Unger Carlyle, Lee's Summit, for appellant.

W. James Icenogle, Pros. Atty., Brian Keedy, Asst. Pros. Atty., for respondent.

Before PARRISH, SHRUM and BATES, JJ.

PER CURIAM.

Donald C. Love (defendant) appeals convictions for four counts [1] of sexual misconduct in the first degree, class A misdemeanors. § 566.090.[2] Defendant waived trial by jury. This court affirms the judgment of conviction for the offenses charged in Counts I, IV and V, and reverses the conviction for the offense charged in Count III.

 Defendant was tried by the circuit court without a jury.

When a defendant waives trial by jury, the trial court's findings have the force and effect of a jury verdict. *State v. Marshell,* 825 S.W.2d 341, 342 (Mo.App. 1992); Rule 27.01(b). "[A]ppellate review is as though a verdict of guilty has been returned by a jury. If there is substantial evidence to support the findings of the trial court, its judgment is to be affirmed." *State v. Giffin,* 640 S.W.2d 128, 130 (Mo.1982). In its review the appellate court accepts as true the evidence that tends to prove the defendant's guilt and all inferences favorable to the state. Contrary evidence and inferences are disregarded. *Id.* *State v. Bigsby,* 891 S.W.2d 160, 161–62 (Mo.App.1995).

Defendant is a 75–year old retiree who professionally portrayed Santa Claus. He was working in that capacity during the Christmas season in 2001. A young girl, T.K., became upset after sitting on defendant's lap. She called for her mother. T.K.'s mother went to her daughter while she was still with defendant. T.K. hugged her mother. When T.K.'s mother asked what was wrong, defendant replied, "Oh, she just misses you and loves you very much, Mommy." T.K. asked her mother if they could go.

As they were leaving the mall, T.K.'s mother again asked what was wrong. T.K. said, "Nothing." As they approached the door to the mall, T.K.'s mother again asked what was wrong. T.K. put her head down and said, "Santa Claus was being nasty." When asked what she meant, T.K. said, "He was rubbing my privates." T.K.'s mother reported the incident to the police.

A police officer interviewed T.K. and her mother. The officer went to the mall. She observed that a professional videographer had videotaped defendant and children who visited with him about the time of T.K.'s visit.

The police officer viewed the videotape recordings. She observed the videotape recording of T.K. during the time she sat on defendant's lap. The officer took the videotape in order to have an opportunity to view it in its entirety. She also requested assistance from a branch of the Missouri Department of Social Services that assists with investigations of crimes involving child victims, the State Technical Assistance Team (STAT). Arrangements were made for a member of the STAT group, Larry Wyrick, to participate in the investigation. Mr. Wyrick interviewed four children, A.C., M.S., N.P., and P.P. Videotape recordings were made of those interviews. T.K., who the police officer had interviewed, was not subjected to a second interview.

The state's evidence at trial included testimony of the police officer who investigated the case, deposition testimony of

---

1. Defendant was found not guilty of a fifth charge of sexual misconduct in the first degree. It was charged as Count II in the information on which the case was tried. The alleged victim in Count II was P.P.

2. References to statutes are to RSMo 2000.

T.K.'s mother, and testimony of Larry Wyrick. Mr. Wyrick identified the videotape recordings of his interviews with the four children. The videotape recordings of Mr. Wyrick's interviews with the children were admitted in evidence. A handwritten statement T.K. had given the police officer was admitted in evidence.

■ Defendant's first point on appeal contends the trial court erred in finding defendant guilty because the evidence did not show defendant "had the requisite intent"; that "[n]o evidence of intent was presented at trial." Section 566.090.1, as that statute existed on the dates of the alleged offenses, provided:

> A person commits the crime of sexual misconduct in the first degree if he has deviate sexual intercourse with another person of the same sex or he purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without the person's consent.

Section 566.010(3) defined sexual contact as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, *for the purpose of arousing or gratifying sexual desire of any person.*"[3] (Emphasis added.)

■ "The state has the burden and must prove each and every element of a criminal case." *State v. Smith,* 33 S.W.3d 648, 652 (Mo.App.2000). An element of sexual misconduct in the first degree is that a prohibited touching must have been "for the purpose of arousing or gratifying sexual desire" of a person. A perpetrator's purpose is ascertained by his or her mental state. "Direct proof of a required

mental state is seldom available, and such intent is usually inferred from circumstantial evidence." *State v. Alul,* 948 S.W.2d 215, 218 (Mo.App.1997), citing *State v. Martin,* 882 S.W.2d 768, 770 (Mo.App. 1994). In viewing evidence to determine its sufficiency, the same principles apply regardless of whether the evidence reviewed is direct or circumstantial. *State v. Martin, supra.*

The posture of this case is unusual in that possibly the most significant evidence in the case is before this court in the same form as it was before the trial court. The exhibits filed with this court include the videotape recordings of the interactions between defendant and the four children who are deemed the victims in the offenses for which he was found guilty. The exhibits also include the videotape recordings of the interviews Mr. Wyrick conducted. With respect to that evidence, as observed in similar circumstances in *Mid–Continent Nat'l. Bank v. Bank of Independence,* 523 S.W.2d 569, 573 (Mo.App.1975), "we enjoy the same coign of vantage to assess credibility as did the trial court, thus the principle of deference does not apply."

Having viewed the evidence that was presented via videotape recordings and having reviewed the record of the testimony adduced before the trial court, this court concludes the trial court, as the trier of fact, had sufficient evidence to find defendant guilty of the offenses charged in Counts I, IV and V beyond a reasonable doubt. This court finds there was not sufficient evidence to convict defendant of the offense charged in Count III.

Count I charged defendant with having purposely subjected T.K. to sexual contact through her clothing without her consent. On the date of the charged offense, T.K.

---

**3.** §§ 566.090.1 and 566.010(3) were amended in 2002 by deleting the reference in § 566.090.1 to conduct that occurs by touch-

ing through clothing and inserting that element as part of the definition of "sexual conduct" stated in § 566.010(3).

was seven years old. The videotape recording of T.K.'s visit with defendant clearly reveals defendant rubbed his hand against the child's crotch area. T.K.'s handwritten statement says she went with her mother and two of her friends "to see Santa." It states that one of her friends went "to take a picture"; that "then [T.K.] went up to take a picture with Santa then my other friend went up to see Santa then [T.K.] went up to tok [sic] to Santa he tusnt [sic] me in the privit [sic]."

T.K.'s mother testified at trial by deposition. She recited that as she was taking T.K. from the mall where the events occurred, T.K. told her Santa Claus was being nasty; that he was rubbing her privates.

■ Count III charged defendant with having purposely subjected A.C. to sexual contact through her clothing without her consent. The videotape recording of A.C.'s visit with defendant does not reveal sexual contact. The videotape that was admitted in evidence showed A.C. with defendant very briefly. A.C.'s interview with Mr. Wyrick disclosed that she was four years old. She was responsive to questions asked during the interview. When asked about places where she did not want to be touched, she included her bottom, pigtails, foot, and hair. She included her hair and foot as places defendant had touched her. The cumulative evidence with respect to Count III was not sufficient for defendant to be found guilty of that offense beyond a reasonable doubt.

Count IV charged defendant with having purposely subjected M.S. to sexual contact through her clothing without her consent. The videotape recording of M.S. with defendant revealed defendant rubbing his palm across her breast. Her interview was consistent with the depiction on the videotape recording.

Count V charged defendant with the same offense with respect to N.P., having purposely subjected N.P. to sexual contact through her clothing without her consent. N.P. stated in her interview with Mr. Wyrick that defendant had her face him; that while facing him he rubbed her breasts with his thumbs. The videotape recording revealed that defendant had N.P. turn so her back was to the camera; that his hands were placed under her arms so his thumbs would be to her front. The depiction in the videotape recording was consistent with N.P.'s description of what occurred.

The issue raised by Point I is whether the contact defendant had with each child was for the purpose of arousing or gratifying sexual desire. Having found insufficient evidence that there was contact between defendant and A.C. violative of § 566.090.1, it follows that the requirement that a touching occurred for sexual arousal or gratification was not established with respect to A.C. Point I is well taken with respect to the offense charged in Count III. This court holds otherwise with respect to the offenses charged by Counts I, IV and V.

■ *State v. Gibson*, 623 S.W.2d 93, 100 (Mo.App.1981), explains that the language "for the purpose of arousing or gratifying sexual desire" as it appears in Missouri's criminal code is derived from the Model Penal Code, Part II, American Law Institute; that its purpose is to exclude innocent contacts from being deemed criminal conduct. In assessing whether a touching is for the purpose of arousing or gratifying sexual desire rather than being an innocent touching, a fact-finder looks at the circumstances of the particular case. *State v. Purk*, 625 S.W.2d 888, 890 (Mo. App.1981). Intent is inferred from those circumstances in that direct evidence of a mental condition is seldom available.

*State v. Martin, supra.* "Even in a circumstantial evidence case, the evidence need not be conclusive of guilt, nor must the evidence exclude every hypothesis of innocence." *Id.*

This court finds that the visual evidence presented to the trial court with regard to Counts I, IV and V, considered with the statements from the children identified as victims in those charges, was sufficient in the circumstances of this case for the trial court to have found, beyond a reasonable doubt, that defendant's touching of the crotch and breast areas of the children was not innocent contact. The videotape recording of defendant interacting with children in his role of Santa Claus includes his contact with T.K., M.S., and N.P. Defendant's contact with T.K., M.S., and N.P. differed from his contact with other children, particularly with respect to younger girls and with boys. No explanation is provided for that difference. In these circumstances, this court finds that the evidence was sufficient for the trial court to find, beyond a reasonable doubt, that the touching of T.K., M.S., and N.P. was for the purpose of defendant's sexual gratification or arousal. Point I is denied with respect to Counts I, IV and V. It is granted with respect to Count III.

■ Point II is directed to the trial court's ruling on an objection to trial testimony of the investigating police officer. Defendant contends the trial court erred in overruling his objection to a question as to the officer's opinion about defendant's intent. The following question was asked during redirect examination of the witness.

Q. [by the assistant prosecuting attorney]: Now, [the defense attorney] asked you if you thought that the acts were meant to arouse some type of sexual—for the purpose of arousing some sexual desire. And do you have an opin-

ion as to why he was touching the girls the way that he was?

Defendant's attorney objected on the basis of "[i]mproper foundation, improper question. Opinion—," at which time the trial court overruled the objection. Defense counsel continued his objection, "Opinion evidence—Okay." The witness answered, "A grown adult does not touch a child inappropriately in that manner, other than what I can perceive as being a perverted act in a sexual manner."

Point II argues the trial court erred in overruling the objection "in that [the police officer] was not shown to be qualified to express an opinion as to intent"; that "the evidence on which [the officer] based her opinion was available to the fact-finder, and the opinion invaded the prerogatives of the fact finder [sic]."

During earlier cross-examination of the witness, defense counsel asked the following question and the police officer gave the following answer:

Q. You're—You're—You're convinced and have convinced yourself that [defendant] did these acts we saw with intent to around [sic] some sexual desire?

A. I am convinced that the acts took place for whatever reason that they took place.

The state argues that the question asked during redirect examination was in response to the inquiry made of the police officer on cross-examination; that defendant's inquiry "opened the door" for the question it asked on redirect.

■ *State v. Hayes,* 113 S.W.3d 222 (Mo.App.2003), explains:

In matters involving the admission of evidence, this Court reviews for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial.

*State v. Anderson,* 76 S.W.3d 275, 277 (Mo.banc 2002). Absent some showing that the evidence inflamed the [fact-finder] or diverted its attention from the issues to be resolved, the receipt of evidence even though irrelevant and immaterial, cannot constitute prejudicial or reversible error. [*State v.*] *Mills,* 809 S.W.2d [1] at 4 [ (Mo.App.1990) ]. Further, evidence which might be considered prejudicial in a close case is harmless where evidence of guilt is strong. [*State v.*] *Santillan,* 1 S.W.3d [572] at 579 [ (Mo.App.1999) ].

*Id.* at 226. Or, as stated in *State v. Barriner,* 34 S.W.3d 139, 150 (Mo. banc 2000), "[T]he test is whether the prejudicial improper admission was outcome-determinative."

 The state's argument appears to be that the response defendant elicited from the witness on cross-examination inferred that she did not believe defendant touched the children for the purpose of sexual arousal or gratification. When an inquiry on cross-examination creates an unfavorable inference, it is proper on redirect "to question a witness on any matter which tends to refute, weaken, or remove an unfavorable inference ... even though the facts elicited might be otherwise inadmissible." *State v. Ponder,* 950 S.W.2d 900, 911 (Mo.App.1997).

Arguably, the state was permitted to inquire of the witness' opinion in view of the evidence defendant elicited on cross-examination. Regardless, even if the testimony about which defendant complains in Point II were admitted improperly, that evidence was not considered in this court's review of Point I. As addressed with respect to Point I, other competent evidence supports the judgment of conviction with respect to Counts I, IV and V. There is no showing that the evidence defendant contends was improper played a critical role in the trial court's decision. That evidence did not play a critical role in this court's review of the sufficiency of the evidence. *See Hodel v. Director of Revenue,* 61 S.W.3d 274, 280 (Mo.App.2001). Its admission was not outcome-determinative. Point II is denied.

The judgment of conviction is affirmed as to Counts I, IV and V. It is reversed as to Count III. The case is remanded with directions that an amended judgment be entered consistent with this opinion.