STATE of Missouri, Plaintiff–
Respondent,

v.

Thomas A. JENSEN, Defendant–
Appellant.

No. 26901.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 24, 2006.

Teresa Grantham, Springfield, for Appellant.

Darrell L. Moore, Greene County Prosecuting Attorney and Bryan R. Berry, Assistant Prosecuting Attorney, Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

Thomas A. Jensen ("Defendant") was charged with child molestation in the second degree, a violation of Section 566.068,[1]

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

and assault in the third degree, a violation of Section 565.070. After a bench trial, he was found guilty on both counts and sentenced to terms of one year for the child molestation charge and fifteen days for the assault charge to run concurrently. The trial court suspended execution of the sentences and Defendant was placed on supervised probation for two years. Defendant now contests the sufficiency of the evidence to support his conviction of child molestation in the second degree. We affirm.

■ Sufficiency of the evidence in a court-tried case is determined by the same standard employed when reviewing a jury-tried case. *State v. Waddell,* 164 S.W.3d 550, 551 (Mo.App. S.D.2005). We must determine whether there was sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). An appellate court may not weigh the evidence, but accepts as true all evidence proving guilt together with all reasonable inferences that support the verdict. *State v. Davis,* 51 S.W.3d 869, 870 (Mo.App. S.D.2001). All contrary evidence and inferences are disregarded. *State v. Love,* 134 S.W.3d 719, 721 (Mo.App. S.D.2004).[2] Viewed in this light, the evidence most favorable to the judgment shows:

Defendant, manager of a Pizza Hut in Willard, Missouri, interviewed and hired sixteen-year-old C.K. for a position at the restaurant in March 2003. On Saturday, September 27, 2003, C.K. was working the morning half of a split-shift, when a co-worker playfully threw water on her, soaking her uniform in the area of her buttocks. As C.K. was clocking out to leave, Defendant grabbed her in the buttocks with his right hand and said, "Your butt's wet." C.K. immediately went to the back of the restaurant and told a co-worker what Defendant had done, then left the restaurant.

When C.K. returned later that day for the second half of the split-shift, she asked Defendant about a larger uniform shirt she had previously requested. Defendant went out to his vehicle to get her another shirt. When he returned, Defendant gave her the shirt and "pinched her butt" with his right hand. She was "shocked" and "surprised" by Defendant's actions, and immediately told another employee about the incident.

Sometime around 7:00 p.m. that same evening, C.K. was behind the pizza-cutting counter, and as she was reaching to get some sauce, Defendant came up behind her to restock pizza delivery boxes. Leaning over C.K., he pinned her against the counter and pushed his erect penis against her backside with such force it pushed her body forward. C.K. threw down the pizza cutter, and told Defendant, "I give up." She then went to the back of the store and reported the incident to the assistant manager and the shift leader.

---

**2.** Defendant contends in his brief that in a case where the evidence presents two equally valid inferences, one of defendant's guilt and the other of his innocence, the trial court lacks the power to convict and the appellate court must reverse. However, as the State points out, this approach to reviewing the sufficiency of evidence was explicitly overruled by the Supreme Court of Missouri in *State v. Chaney,* 967 S.W.2d 47, 54 (Mo. banc 1998) (holding that "[b]ecause the equally valid inferences rule is at war with the due process standard governing an appellate court's review of the sufficiency of evidence, the equally valid inferences rule should no longer be applied"). Defendant conceded at oral argument that the equally valid inferences rule was no longer being used by Missouri courts. Because the equally valid inferences rule has been abandoned by the Supreme Court of Missouri, we will not apply it here.

On the following Monday, C.K. spoke to the area Pizza Hut General Manager about Defendant's actions. Pizza Hut management conducted an investigation of the incidents and subsequently terminated Defendant. C.K. later reported the incidents to the police.

Defendant was charged with child molestation in the second degree and assault in the third degree. After a bench trial, he was found guilty on both counts and, as indicated earlier, received a suspended execution of the sentences and was placed on supervised probation for two years. Defendant now appeals his conviction for child molestation in the second degree.

In his sole allegation of error, Defendant alleges insufficient evidence existed to support a finding of a specific intent that he touched the alleged victim for the purpose of sexual arousal. "A person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact." Section 566.068.1. "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3).

It is the State's burden to prove each and every element of a criminal case. *Love,* 134 S.W.3d at 722. The elements of the offense of child molestation in the second degree are twofold: the victim must be less than seventeen years of age and the prohibited touching must have been "for the purpose of arousing or gratifying sexual desire" of a person. The latter element is necessary to prevent innocent contacts from being deemed criminal conduct. *Id.* at 723.

The only issue raised here relates to the sufficiency of the evidence proving that Defendant touched C.K. "for the purpose of arousing or gratifying sexual desire" of a person. "In assessing whether a touching is for the purpose of arousing or gratifying sexual desire rather than being an innocent touching, a factfinder looks at the circumstances of the particular case." *Id.* A defendant's purpose is ascertained by his or her mental state. *Id.* at 722. Direct evidence of a particular mental state is seldom available; therefore, proof of the mental state will usually rest on circumstantial evidence and permissible inferences. *State v. Blom,* 45 S.W.3d 519, 521 (Mo.App. W.D.2001). The State may establish a particular mental state by evidence of Defendant's conduct before and after the act itself. *Id.* In assessing the sufficiency of the evidence, the same principles apply regardless of whether the evidence is direct or circumstantial. *Love.* 134 S.W.3d at 722.

We hold that the evidence in this case is sufficient to support a finding by the trial court that Defendant's contact with C.K. was done for the purpose of arousing or gratifying sexual desire. Regarding the contact at issue, C.K. testified as follows:

A: I was reaching over to get sauce for either the pizza or breadsticks, and [Defendant] came up behind me and was putting boxes up. And he was, like, right behind me and you could feel everything behind when I was reaching over.

Q: Now, when you say you could feel everything, I need you to tell the Court what you felt.

A: I felt his penis up against my back side.

Q: Okay. Now, how did his penis feel?

A: Hard.

Because there was evidence that Defendant's penis was erect, it is reasonable to infer that he was aroused. Defendant's conduct before and after the incident support the conclusion that Defendant leaned against C.K. for the purpose of sexual arousal. During an earlier shift on the same day, Defendant grabbed C.K.'s buttocks. During C.K.'s second shift that day, Defendant pinched her buttocks. C.K. also testified that Defendant made her feel uncomfortable on other occasions by coming up too close or putting his hand on her shoulder or waist. Evidence of the incident described above considered in the context in which it occurred provided a sufficient basis for the trial court to infer that the contact was done for the purpose of arousing or gratifying Defendant's sexual desire.

Defendant's point is denied, and the judgment of trial court is affirmed.

BATES, C.J., and BARNEY, J., concur.