STATE of Missouri, Appellant,

v.

**Ryan S. SMITH, Respondent.**

**No. SD 30408.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 8, 2010.

Darrell L. Moore, Prosecuting Atty., Kristen M. Tuohy, Asst. Prosecuting Atty., Springfield, MO, for Appellant.

Alexa I. Pearson, Columbia, MO, for Respondent.

DANIEL E. SCOTT, Chief Judge.

The State appeals an order suppressing Defendant's admissions regarding some 18 burglaries.[1] Only Defendant's statements are at issue; not the stolen property recovered as evidence when Defendant took officers to his home and authorized them to search his truck and house.[2]

## Background

Although Defendant's motion to suppress listed 12 complaints, Defendant agreed at the hearing that the first 36 minutes of the recorded police interview was admissible, but argued two reasons to suppress his statements after the 36–minute mark:

1. That he allegedly requested a lawyer at that point, so questioning then had to stop. *See Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *State v. Bucklew*, 973 S.W.2d 83, 91 (Mo. banc 1998).

2. That he allegedly was offered leniency at that point, thus tainting his statements thereafter. *See, e.g., State v. Vinson*, 854 S.W.2d 615, 620 (Mo.App.1993).

The trial court took the motion under advisement, in part to view the recorded interview, and entered this order three weeks later:

THE COURT HAS REVIEWED THE VIDEO OF THE STATEMENT AND REVIEWED THE TESTIMONY BY THE OFFICER IN COURT. ON THE VIDEO, THE DEFT WAS HANDED A MIRANDA[3] SHEET, ASKED TO READ THE SHEET AND SIGN IT IF HE UNDERSTOOD IT. THE DEFT READ THAT SHEET PERTAINING HIS RIGHTS AND SIGNED IT WITHIN 10 SECONDS. IT TAKES APPROXIMATELY 30 SECONDS TO READ THE MIRANDA SHEET. SINCE HIS MIRANDA RIGHTS WERE NOT READ TO HIM AND SINCE HE COULD NOT HAVE READ THEM ALL IN LESS THEN 10 SECONDS HE WAS NOT ADVISED PROPERLY OF HIS FOURTH AMENDMENTS [sic] RIGHTS. THEREFORE, DEFT'S MOTION TO SUPPRESS IS SUSTAINED.

This legal conclusion, being drawn from a video now before this court in the same form, is not subject to our deference. *State v. McMeans*, 201 S.W.3d 117, 120 (Mo.App.2006); *State v. Love*, 134 S.W.3d 719, 722 (Mo.App.2004). *See also State v. Nunnery*, 129 S.W.3d 13, 17 (Mo.App.2004)(whether constitutional rights were violated is a question of law reviewed de novo). We reverse and remand.

## Analysis

■ Ignoring for the moment the trial court's disregard of the agreement that the first 36 minutes were admissible, and its finding that the State did not prove one of several issues obviated by such an agreement, we find its "30 second" ruling factually and legally ill-founded. Although Defendant looked at the Miranda form only cursorily—"skimming" might be a fair description—the form was not complicat-

1. This appeal is authorized by § 547.200.1(3), RSMo 2000.

2. *See U.S. v. Patane*, 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004)(failure to give Miranda warnings does not require suppression of physical fruits of suspect's unwarned but voluntary statements).

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ed.[4]  Moreover, Defendant controlled how long he read the form, and Defendant decided when he had read it enough.  He was given the Miranda form, began reading it, verbally told the officers that he understood his rights, signed the form after reading it for such time as he wished, then immediately got another chance to review the form when it was returned because he had not filled in all the blanks. Defendant offered no evidence at the suppression hearing;  did not argue that he was not properly Mirandized, or did not understand his rights, or did not waive his rights voluntarily;  and agreed that his statements were admissible until the 36–minute mark when intervening factors allegedly occurred.

█  The trial court's ruling suggests that all this fails, as a matter of law, to make even a prima facie showing that Defendant received Miranda warnings if he spent less than 30 seconds reading them.  The trial court cited no case so holding, nor has Defendant done so, and we do not believe this is the law.

"The state's showing that a 'defendant was informed of his rights, that he was capable of understanding those rights, and that no physical force, threats, promises or coercive tactics were used to obtain the confession,' is *prima facie* evidence that the confession given while the defendant was in custody was voluntary."  *State v. Johnson*, 988 S.W.2d 115, 120 (Mo.App.1999) (quoting *State v. Wilkinson*, 861 S.W.2d 746, 750 (Mo. App.1993)).  "After the state has made a prima facie case, the defendant must produce evidence showing any 'special circumstance' that may have rendered the confession involuntary."  *State v. Day*, 970 S.W.2d 406, 409 (Mo.App. 1998).  Appellant presented no such evidence.  We find that the State met its burden.

*Nunnery*, 129 S.W.3d at 20.  The same is true here.  Defendant offered no evidence at the suppression hearing, and the State's evidence and testimony met its prima facie burden.  The State's point is granted.[5]

We reverse the suppression order and remand for further proceedings.

LYNCH, P.J., and RAHMEYER, J., concur.

---

4.  Defendant's signed form, in its entirety, reads as follows:

SPRINGFIELD POLICE DEPARTMENT
STATEMENT OF RIGHTS
Case Number 09–29261

You have the right to remain silent.

Anything you say can and will be used against you in a court of law.

You have the right to talk to a lawyer before making any statement or answering any question, and you may have him present during questioning.

If you cannot afford an attorney, one will be appointed to represent you before any questioning, if you wish.

You can decide at any time to exercise these rights and not answer any questions or make any statements.

I have had the above statement of my rights read to me, and I fully understand each of them.

| s/Ryan Smith | 7/9/09 | 12:10 |
|---|---|---|
| Signature | Date | Time |

Witness
s/J Breuer 967

5.  Reversing the trial court's ruling, of course, does not necessarily establish admissibility. A pretrial suppression ruling is effectively interlocutory and is subject to change as the case progresses.  *See State v. Howell*, 524 S.W.2d 11, 19 (Mo. banc 1975); *State v. Trimble*, 654 S.W.2d 245, 254 (Mo.App.1983).