# IN THE COURT OF APPEALS OF IOWA

No. 23-0980
Filed October 2, 2024

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DALE PATRICK LYONS Jr.,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, Judge.

Dale Lyons Jr. appeals his conviction of indecent exposure claiming there was insufficient evidence to convict him, he was not competent to stand trial, and his right to a speedy trial was violated. **AFFIRMED.**

Shea M. Chapin of The Chapin Center, PLC, Dubuque, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Chicchelly, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Dale Lyons Jr. appeals his conviction of indecent exposure claiming there was insufficient evidence to convict him, he was not competent to stand trial, and his right to a speedy trial was violated. We find there was sufficient evidence to support the jury's verdict. Lyons failed to meet his burden to prove incompetency. Lyons failed to preserve error on the speedy trial issue. We affirm his conviction and sentence.

**Background Facts and Proceedings.** A woman drove to an apartment complex to visit a resident there. As she drove around a corner in the parking lot, she observed "a half-naked man masturbating his penis facing another wall as I was coming in." "His hand was around his penis. His shorts were down, and he was moving his arm forward and back." She stopped momentarily and did a double take "[t]o make sure I'd seen what I seen." She observed that the man, later identified as Lyons, was stroking his erect penis with one hand while looking at a wall. She called 9-1-1. Law enforcement officers arrived and found Lyons in his apartment. He was arrested and jailed. He was charged with indecent exposure (masturbation), in violation of Iowa Code section 709.9(2)(a) (2021). A competency evaluation was ordered under Iowa Code section 812.3 (2022). After a hearing, the district court found incompetency had not been proved. The case proceeded to trial. A jury found Lyons guilty as charged. The district court denied Lyons's motion for new trial and motion in arrest of judgment and sentenced him to a period of incarceration. Lyons appeals.

**Sufficiency of Evidence.** Lyons first argues there was insufficient evidence to support the verdict. We review sufficiency-of-the-evidence claims for

correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). We view the evidence and all reasonable inferences that we can draw from it in the light most favorable to the State. *Id.* We are "highly deferential to the jury's verdict" and "affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Substantial evidence is evidence that may convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* We are not concerned with whether the evidence would support a different finding; our concern is whether the evidence supports the finding the jury made. *Id.*

The indecent exposure statute provides: "A person who masturbates in public in the presence of another, not a child, commits a serious misdemeanor." Iowa Code § 709.9(2)(a) (2021). "For the purposes of this subsection, 'masturbate' means physical stimulation of a person's own genitals or pubic area for the purpose of sexual gratification or arousal of the person, regardless of whether the genitals or pubic area is exposed or covered." *Id.* § 709.9(2)(c). "Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996).

Lyons argues the State failed to present sufficient evidence to convince the jury beyond a reasonable doubt that he stimulated his genitals "for the purpose of sexual gratification or arousal." We disagree. Stroking an erect penis is prima facie evidence that a person is stimulating the genitals "for the purpose of sexual gratification or arousal." And Lyons was seen stroking his erect penis. There is little doubt that he was in a state of arousal when observed by the woman. *See State v. Jensen*, 184 S.W.3d 586, 590 (Mo. Ct. App. 2006) ("Because there was

evidence that Defendant's penis was erect, it is reasonable to infer that he was aroused."). Indeed, the very definition of masturbation indicates an intent to sexually arouse and gratify. *See Masturbate*, *New Oxford American Dictionary* 1078 (3d ed. 2010) (defining masturbate to mean to "stimulate one's own genitals for sexual pleasure"); *Masturbation*, *Webster's Third New International Dictionary Unabridged* 1391 (2002) (defining masturbation as "erotic stimulation involving the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse"); *Masturbate*, *The Oxford Desk Dictionary and Thesaurus* 488 (1997) (defining masturbate to mean "arouse oneself sexually or cause (another person) to be aroused by manual stimulation of the genitals"); *Masturbate*, *Webster's New World Dictionary of the American Language, Second College Edition* 873-74 (1976) (defining masturbate to mean "to manipulate one's own genitals, or the genitals of (another), for sexual gratification").

"The requisite intent to arouse or gratify the sexual desire of any person can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *State v. Jorgensen*, 758 N.W.2d 830, 837 (Iowa 2008). Sufficient evidence supporting findings of "for the purpose of sexual gratification or arousal" have been found under similar circumstances. *See, e.g.*, *id.* (concluding behavior of defendant was clearly sexually motivated when he wandered through a store, "fondled his penis through his clothing, and then, as he followed an unidentified woman through the store, removed his penis from his shorts and openly masturbated"); *State v. Blair*, 798 N.W.2d 322, 326 (Iowa Ct. App. 2011) (concluding that evidence that defendant was stroking his penis while standing in

front of bay window was sufficient evidence of defendant's sexual motivation); *State v. Dowell*, No. 21-0715, 2022 WL 10827282, at *2 (Iowa Ct. App. Oct. 19, 2022) (holding that witness seeing defendant groping his genitalia and making other masturbatory movements sufficient to prove defendant acted for sexual gratification); *State v. Bush*, No. 17-0964, 2018 WL 2084836, at *1 (Iowa Ct. App. May 2, 2018) (finding that a defendant moving his hand on his penis as he was standing in front of glass door was sufficient evidence "to support a finding that Bush exposed his genitals 'to arouse of satisfy the sexual desires of either party'"); *State v. Kuester*, No. 15-0650, 2016 WL 5930410, at *1-2 (Iowa Ct. App. Oct. 12, 2016) (holding that masturbating in vehicle in clear view of anyone who walked by sufficient evidence of sexual motivation); *State v. Bell*, No. 15-0366, 2016 WL 902877, at *2 (Iowa Ct. App. Mar. 9, 2016) (holding evidence of the defendant stroking penis while looking directly at female corrections officer was sufficient evidence of defendant's sexual motivation); *State v. Elias*, No. 10-2045, 2012 WL 170645, at *4 (Iowa Ct. App. Jan. 19, 2012) (concluding testimony that defendant rubbed his erect penis "is sufficient [evidence] from which the jury could infer the act was done for the purpose of arousing the sexual desires of the defendant"); *State v. Guthrie*, No. 10-1285, 2011 WL 2694713, at *3 (Iowa Ct. App. July 13, 2011) (determining that the defendant's conduct of masturbating with erect penis in a car, in a frequently travelled area, near a college campus, in clear view of anyone who walked by sufficient evidence of defendant's sexual motivation); *State v. Stuhr*, No. 09-1376, 2010 WL 2925974, at *2-3 (Iowa Ct. App. July 28, 2010) (finding that although victim testified defendant did not appear to be masturbating, the fact that both his hands were touching his erect penis supports the jury's

determination that his behavior was sexually motivated); *see also, e.g.*, *State v. Arabie*, 507 So. 2d 859, 861 (La. Ct. App. 1987) ("The fact of his masturbation indicates that his actions were designed to arouse him sexually."); *State v. Strong*, 446 So. 2d 506, 507 (La. Ct. App. 1984) ("Defendant was clearly acting with an intent to arouse his own sexual desire. He had an erection and was masturbating."); *Shamam v. State*, 280 S.W.2d 271, 278 (Tex. Crim. App. 2007) (concluding jury was rationally justified in inferring defendant's intent to gratify his sexual desire from his actions in masturbating). We conclude there was sufficient evidence in the record to support the jury's verdict.

**Competency to Stand Trial.** Lyons next argues his due process rights were violated because he was incompetent to stand trial. Because the conviction of an incompetent person violates due process, we review competency decisions de novo. *State v. Einfeldt*, 914 N.W.2d 773, 778, 780 (Iowa 2018).

There is a presumption that a defendant is competent to stand trial, and the defendant has the burden to prove incompetence by a preponderance of the evidence. *State v. Johnson*, 784 N.W.2d 192, 194 (Iowa 2010). When questions arise about a criminal defendant's competency, Iowa Code section 812.3 (2022) sets out a procedural mechanism to ensure due process is satisfied. It requires a competency hearing "at any stage of a criminal proceeding" if there are "specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." Iowa Code § 812.3(1). Either a defendant or defense counsel can apply for a competency determination, or the court can schedule a competency hearing on its own motion. *See id.*

"Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of the defendant's competency." *Einfeldt*, 914 N.W.2d at 779. Factors in determining whether due process requires an inquiry into competency include: (1) the defendant's irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competence to stand trial. *See State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982). "[T]he ultimate question of competency facing the judge [is] whether the defendant is prevented from 'appreciating the charge, understanding the proceedings, or assisting effectively in the defense.'" *Einfeldt*, 914 N.W.2d at 791 (Mansfield, J., concurring in part and dissenting in part) (quoting Iowa Code § 812.3(1)). Once the court finds the defendant is competent to stand trial, the presumption continues unless there is new evidence to the contrary. *See State v. Lyman*, 776 N.W.2d 865, 874 (Iowa 2010), *overruled on other grounds by Alcala v. Marriot Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016).

Defense counsel requested a competency evaluation. The parties informed the court they agreed to Lyons undergoing an evaluation for competency to stand trial. The court ordered that Lyons undergo a competency evaluation. Lyons was examined and evaluated by Dr. Abraham Assad, M.D., staff psychiatrist at the Iowa Medical and Classification Center. Lyons was diagnosed with depression and anxiety about two years before the evaluation. Dr. Assad's report notes the detailed discussion he had with Lyons concerning Lyons's understanding of the judicial process. Dr. Assad pointed out in his report:

> [Lyons] reports a number of unusual ideas similar to thought broadcasting and paranoia, but these ideas do not appear to be influencing his thinking or behavior during the interview. He does not

appear to be attending to internal stimuli. These unusual ideas are strongly suggestive of the over-valued beliefs often associated with substance use. He indicates these ideas first occurred around two years ago. The sudden change in his life two years ago, his apparent psychosis during the May 2021 arrest, and his currently active psychotic symptoms are expected features of a substance-induced psychotic disorder.

Dr. Assad concluded:

At this time I believe Mr. Dale Patrick Lyons, Jr. is **competent to stand trial.** He meets criteria for the diagnoses of Unspecified Substance Use Disorder and Substance-Induced Psychotic Disorder. He does not report, endorse, or manifest any symptoms currently influencing his understanding of the legal process or his ability to assist legal counsel. He understands the charges against him. He has a rational and factual understanding of the court process, including key personnel and their functions. He is able to work effectively with his defense counsel without interference of any psychological symptoms. He is aware of appropriate courtroom behavior and is able to manage his own behavior. His current medication regimen would not be expected to interfere with his ability to receive a fair trial.

Dr. Assad's opinion was unrebutted. Lyons was disruptive during the competency hearing. The prosecutor suggested Lyons was not competent: "So today's proceedings have raised concerns that I'm not sure he can sit through a trial or other proceedings without being at least disruptive, and I'm not sure he can participate in his own defense fully at this point." He stated, "At this point it does not seem to me that he is competent." In its order following the competency hearing, the district court observed:

The experience of the undersigned who observed and heard from [Lyons] during the competency hearing was not inconsistent with Dr. Assad's above description. Declaring himself competent, [Lyons] interrupted the undersigned and [defense counsel] several times and also argued with his attorney regarding the competency issue. [Lyons] has strong opinions regarding the charges against him and how those charges should be handled. However, Lyons was neither rude nor profane and was appropriately responsive to the court's instructions and explanation of the proceedings.

(Footnote omitted.) In applying the applicable law, the district court concluded:

> Here, both defense counsel . . . and [the assistant county attorney] argued that [Lyons] is not competent to stand trial. [Lyons] suffers from a mental disorder as he meets the criteria for Unspecified Substance Use Disorder and Substance-Induced Psychotic Disorder. However, on the record in this case, the court finds it has not been shown such mental disorder has resulted in incompetence to stand trial. Put another way, the presumption of competency has not been overcome. No evidence was presented that refuted Dr. Assad's finding of competence to stand trial. [Lyons] voices an understanding of the charges and court process. And while it is likely he will be a challenging or difficult client regardless of who defense counsel is, without more, such does not equate to an inability to assist effectively in the defense of these charges.

Finding incompetency had not been proved, the court ordered the case be scheduled for trial.

Based on our review of the evidence offered at the competency hearing, we conclude that Lyons failed to meet his burden to prove he was not competent to stand trial. The record supports the district court's findings that Lyons had the present ability to effectively assist in his defense, appreciate the charges, and understand the proceedings and his relation to the proceedings.

**Speedy Trial.** Lastly, Lyons argues his speedy trial rights were violated. Iowa Rules of Criminal Procedure 2.5(5) and 2.33(2)(b) required that Lyons be brought to trial within ninety days of the date the trial information was filed. If a trial does not begin within the ninety days, the charge must be dismissed unless the State proves (1) the defendant waived his or her right to a speedy trial, (2) delay attributable to the defendant, or (3) good cause for the delay. *State v. Campbell*, 714 N.W.2d 622, 627-28 (Iowa 2006).

The trial information was filed May 18, 2021. The arraignment and scheduling order showed a speedy trial deadline of August 15, 2021.[1] Lyons orally waived speedy trial on October 7, 2021, and a written waiver was filed October 8, 2021. The matter was continued many times and was suspended for a time. Lyons waived his right to be tried within one year of arraignment, *see* Iowa R. Crim. P. 2.33(2)(c), and the parties agreed to a new speedy trial deadline of May 28, 2023. After Lyons was found competent to stand trial, the parties agreed to a new speedy trial date of May 3. The matter proceeded to trial on April 17.

Lyons suggests that after the trial court realized that he was not brought to trial within the ninety-day rule, it should have sua sponte set a hearing on dismissal of the trial information, requiring the State to prove good cause under rule 2.33(2)(b). Lyons did not raise the issue in district court. At no time did Lyons move to dismiss the case on speedy trial grounds. He proceeded to trial without requesting a ruling on the issue. Error was thus not preserved. "[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "We may not consider an issue that is raised for the first time on appeal, 'even if it is of constitutional dimension.'" *State v. Webb*, 516 N.W.2d 824, 828 (Iowa 1994) (quoting *Patchette v. State*, 374 N.W.2d 397, 401 (Iowa 1985)); *see State v. Walker*, 236 N.W.2d 292, 294 (Iowa 1975) ("Defendants waived the right to assert error here by failing to raise their alleged speedy trial right below.").

> [I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in

---

[1] Ninety days from May 18, 2021, is August 16, 2021.

> the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002) (alteration in original) (quoting 5 Am. Jur. 2d *Appellate Review* § 690 (1995)). Furthermore, we note that we previously stated a district court had no duty to address the speedy trial issue sua sponte. *See State v. Smith*, No. 13-0993, 2014 WL 3511811, at *2 (Iowa Ct. App. July 16, 2014); *see also State v. Myers*, 215 N.W.2d 262, 264 (Iowa 1974) (rejecting argument that the trial court had a duty to raise speedy indictment on its motion and concluding the contrary rule "would inevitably thrust the duties of defense counsel on trial court, in every action, and require the court to know the myriad of crucial dates in all of the criminal cases within its jurisdiction"). Having failed to preserve error on the issue, we have nothing to review.

**Conclusion.** There was substantial evidence to support the jury's verdict. Lyons failed to meet his burden to prove he was not competent to stand trial. Lyons did not preserve error on the speedy trial issue. We affirm Lyons's indecent exposure conviction and sentence.

**AFFIRMED.**