STATE of Missouri, Plaintiff–
Respondent,

v.

John L. MESSER, Defendant–
Appellant.

No. 27366.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 29, 2006.

Rosalynn Koch, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

John L. Messer ("Appellant") was convicted of first-degree child molestation, a violation of section 566.067.[1]  He was convicted by a jury and sentenced to five years in the Missouri Department of Corrections.  Appellant brings three points on appeal.  In Point I he argues that there was insufficient evidence to establish beyond a reasonable doubt that he acted with the purpose of arousing or gratifying his own sexual desire.  In Points II and III, Appellant contends that the trial court plainly erred in failing *sua sponte* to instruct the jury to disregard various statements made by the prosecutor during closing arguments.  We affirm.

In March 2005, Appellant had been living for approximately two months with family friends, Donald and Lisa Hitz. Also living in the Hitz home at that time was Ms. Hitz's 16–year–old son, V.A., Ms. Hitz's sister Cynthia Stewart and her three sons, as well as Ms. Hitz's nieces, one of whom was the victim, S.E. S.E., who is developmentally-disabled, was 12 at the time of the incident.  Appellant was 22 at the time.

When Ms. Hitz came home from work on the evening of March 15, 2005, Ms. Stewart told her that something may have happened to S.E. Ms. Hitz asked S.E. if anything happened on one of the walks she and the other children frequently took with Appellant.  S.E. dropped her head and started to cry as she explained that she was on a walk with the other kids when Appellant ran up behind her, grabbed and squeezed her breasts, smacked her behind, and reached for her groin.  Ms. Hitz confronted Appellant and he admitted to her that he grabbed and

---

1.  All references to statutes are to RSMo 2000, unless otherwise specified.

squeezed S.E.'s breasts and slapped her behind.

Officer Robert Willson with the Rockaway Beach Police Department responded to Ms. Stewart's request that he come to the Hitz home. Upon arriving, S.E. told him that she was on a walk with the other children when V.A. yelled something to the effect "[t]he first person to catch [S.E.] can grab her boobs and her butt." S.E. told Officer Willson that Appellant then ran up from behind and grabbed her breasts and behind, but she did not mention any attempts to reach for her groin. She told Officer Willson that Appellant ignored her pleas to stop.

Appellant went with Officer Willson to the police station. After being given the Miranda warning,[2] Appellant admitted to responding to V.A.'s challenge to get S.E. by reaching her first and grabbing "her boobs and her a—." Appellant also told Officer Willson something to the effect that he enjoyed touching S.E. and thought that she enjoyed it also. Appellant estimated that he touched S.E. for five minutes.

In addition to Ms. Hitz, Officer Willson, and Ms. Stewart, S.E. also testified at trial. She did not recall V.A.'s challenge to race to her and then grope her, but she remembered that both Appellant and V.A. "grabbed her boobs and her butt." She said they did not stop when she told them to.

During closing argument, the State argued that Appellant "was [nice] to her. And he gets her alone, and he starts grabbing...." The State also interpreted Appellant's confessions to Officer Willson and Ms. Hitz as evidence of guilt: "the reason why they [confess] is because they know they've done wrong. And they feel guilty. And they want to get it off their chest. That's why people confess. They don't confess for any reason to help you, the taxpayers." The State continued, "is there any testimony that came from this witness stand from anybody that said 'V.A. said get S.E.' No, there wasn't anybody." The prosecutor further argued, "He was nice to her. He treated her nice.... He was grooming her."

During his rebuttal, the prosecutor responded to defense counsel's argument that the group was on a public road by saying, "now, this is outside the record, I didn't object, but she wants to say that people were everywhere around this road. There is no evidence that this is a—is a city road or it's in the country between— there's no evidence of that. That was just made up." The State went on to say "It's—that evidence was made up exactly like the evidence of, 'Oh, it was [V.A.] did it. [V.A.] said [l]et's see who can grab S.E. first.' That was made up. And that was to deflect the guilt from her client to V.A." There was no objection to any of these arguments by the prosecutor.

Appellant did not adduce any evidence and moved for a judgment of acquittal. The trial court denied the motion. The jury convicted Appellant of first-degree child molestation. The court adopted the jury's recommendation and sentenced Appellant to five years. This appeal followed.

■ In his first Point, Appellant claims that the evidence was insufficient to establish beyond a reasonable doubt that Appellant acted with the purpose of arousing or gratifying his own sexual desire, as the circumstances surrounding the incident indicated that Appellant touched S.E. because he was challenged to tease her, instead of engaging in a sexual act. Challenges to the sufficiency of the evidence used to support a criminal conviction are reviewed by this Court to deter-

2. *Miranda v. Arizona*, 384 U.S. 436, 467–73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

mine whether a reasonable juror could find all of the elements of the offense beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 411 (Mo. banc 1993). It is not this Court's role to weigh the evidence or judge the witnesses' credibility. *State v. O'Brien*, 857 S.W.2d 212, 215 (Mo. banc 1993). Rather, we must consider all of the evidence in the light most favorable to the prosecution. *Id.*

■ It is the State's burden to prove each and every element of a criminal case. *State v. Love*, 134 S.W.3d 719, 722 (Mo. App. S.D.2004). Absent direct proof of criminal intent, jurors often rely on circumstantial evidence. *State v. Martin*, 882 S.W.2d 768, 770 (Mo.App. E.D.1994). In determining the sufficiency of the evidence, the same principles apply regardless of whether the evidence reviewed is direct or circumstantial. *Id.*

First-degree child molestation occurs when one subjects another person under the age of fourteen to sexual contact. Section 566.067.1. Sexual contact is "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, or such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3).

The State produced sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that Appellant acted with the purpose of arousing or gratifying his own sexual desire. Contrary to Appellant's claim that he did not act with purpose of arousing or gratifying his sexual desire, there was evidence from which the jury could conclude that this was not merely an innocent game of "tag." S.E. testified that Appellant grabbed and squeezed her breasts and smacked her behind and ignored her pleas to stop groping her. Appellant also told Officer Willson that he grabbed S.E. for five minutes

and he enjoyed it and thought S.E. enjoyed it also. We cannot substitute our judgment for that of the jury. The jury was free to rely on the circumstantial evidence of Appellant's motive. Point I is denied.

In Points II and III, Appellant alleges that the trial court erred in failing *sua sponte* to instruct the jury to disregard various statements the prosecutor made during closing argument. Appellant's failure to make timely objections to any of these statements ordinarily preserves nothing for appellate review, thus, he asks this Court to review these statements for plain error. We find none here.

■ In the event this Court exercises its discretion to review for plain error, we look for errors which are "evident, obvious, and clear." *State v. White*, 92 S.W.3d 183, 189 (Mo.App. W.D.2002). Because trial strategy is an important consideration, relief is rarely granted under a claim of plain error to matters contained in closing argument. *State v. Middleton*, 995 S.W.2d 443, 456 (Mo. banc 1999). Generally, such assertions are summarily denied. *Id.* A conviction may be reversed under plain error review only if Appellant establishes that the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice. *Id.* Closing arguments are to be reviewed within the context of the entire record, not just in isolation. *State v. Collins*, 150 S.W.3d 340, 349 (Mo.App. S.D.2004).

■ In Point II, Appellant argues that the prosecutor misstated the law when he said "is there any testimony that came from this witness stand from anybody that said 'V.A. said get S.E.' No, there wasn't anybody." Appellant claims that this comment suggested that the jury must disregard Officer Willson's testimony that S.E. told him V.A. challenged Appellant to

675

touch her, because the statement did not come directly from S.E. to the jury.

At trial, the jury heard Officer Willson's sworn testimony that on the evening of March 15, 2005, both Appellant and S.E. told him about V.A.'s challenge to "get S.E." The court instructed the jury that closing "arguments are intended to help you in understanding the evidence and applying the law, but they are not evidence." The court further instructed that it was the jury's "duty to be governed in your deliberations by the evidence as you remember it, the reasonable inferences which you believe should be drawn therefrom, and the law given in these instructions." The prosecutor's comments did not misstate the law; Appellant's real claim is that the comments misstated the evidence. Appellant failed to prove such an apparent misstatement had a decisive effect on the outcome of trial or that it amounted to a manifest injustice. On the contrary, if the jury remembered Officer Willson's testimony, the misstatement may have hurt the prosecutor's credibility. Point II is denied.

In Point III, Appellant contends that the State argued facts not in evidence by suggesting Appellant was grooming S.E. by being nice to her and that Appellant confessed to Officer Willson because he felt guilty. Appellant also asserts that the State improperly accused defense counsel of misrepresenting the evidence. Again, we review for plain error.

We note defense counsel objected several times to other arguments made during closing to protect her client's interest. Defense counsel's decision to object to some arguments and not others may appropriately be regarded as a matter of trial strategy. *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996). In deference to counsel's strategic decisions, trial judges should be cautious to act *sua sponte*. *See State v. Drewel*, 835 S.W.2d 494, 498 (Mo.

App. E.D.1992). Counsel may choose not to object to avoid aggravating the jury or directing unwanted attention to the statements complained of. *Tokar*, 918 S.W.2d at 768. Such strategic decisions, however, do not entitle a party to forego objecting at trial and then appeal to this court for relief if they lose. *State v. McGee*, 848 S.W.2d 512, 514 (Mo.App. E.D.1993). We find that defense counsel's failure to object to these statements may have been trial strategy and we find no error on the part of the trial court in failing to *sua sponte* instruct the jury to ignore the prosecutor. Point III is denied.

The judgment is affirmed.

PARRISH and SCOTT, JJ., concur.