STATE of Missouri, Respondent–Respondent,

v.

Scott S. ERICKSON, Defendant–Appellant.

No. SD 31305.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 26, 2013.

Craig A. Johnston, Columbia, MO, for Appellant.

Evan J. Buchheim, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Scott S. Erickson ("Defendant") appeals from his conviction of one count of sexual misconduct involving a child under the age

of 15. *See* § 566.083.1(2).[1] He argues the evidence was insufficient to support the judgment. We disagree and affirm.

### Standard of Review

"The standard for reviewing the sufficiency of evidence in a criminal case when tried by a judge is the same as when reviewing a jury-tried case." *State v. Lauer*, 955 S.W.2d 23, 24 (Mo.App. S.D. 1997). That is, our review "is limited to a determination of whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt." *State v. Greenlee*, 327 S.W.3d 602, 617 (Mo.App. E.D.2010) (quoting *State v. Page*, 309 S.W.3d 368, 374–75 (Mo.App. E.D. 2010)). "In applying this standard of review, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inference to the contrary." *Id.* "[T]he Court does not act as a super juror with veto powers but gives great deference to the trier of fact." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998) (internal citations and quotation marks omitted). Rather, "the credibility of witnesses and the weight to be given the evidence are for the trial court to determine, and this [C]ourt is to defer to the trial judge's superior position from which to determine credibility." *State v. Harris*, 913 S.W.2d 348, 350 (Mo.App. E.D.1995).

### Factual and Procedural Background

In the spring of 2010, Victim was nine years old. On March 2, 2010, Victim, his mother, brother, and sister went to the Chesterfield Community Center ("the Center") to go swimming.

After the family had finished swimming, Victim and his brother went into the men's locker room to shower. The shower stalls were built for one person. Each shower stall was about three to four feet wide, had one showerhead, and did not have a curtain. Victim and his brother chose showers across from each other.

While Victim and his brother were showering, Defendant came into the shower area. He was not wearing any clothes, and the boys could see Defendant's "private parts." Although empty shower stalls were available, Defendant got into the shower stall with Victim. Defendant showered and acted like Victim was not there, but when Victim tried to get out of the shower stall, Defendant would move so Victim could not leave. After about ten minutes, Defendant got out of the shower, dressed, and left the Center.

■ On the way home, Victim told his mother what had happened, and she reported the incident to the manager of the Center and to a Greene County Park Ranger. The manager used the information he received to locate the surveillance videos from the pool area for the time Victim and his family were at the pool. The manager identified a man who had been in the pool area at that time and made still photos of the man from the surveillance videos.[2] The person in those photos matched the description of the perpetrator that had been given in the

---

1. Unless otherwise indicated all statutory references are to RSMo Cum.Supp. (2011).

2. These photos, introduced into evidence as exhibits at trial, were not made a part of the record on appeal. The appellant has the duty to provide a complete record on appeal. *See* Rule 30.04(c). "When an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and as unfavorable to Defendant." *State v. Creech*, 983 S.W.2d 169, 171 (Mo.App. E.D.1998).

initial reports. The park ranger compared the Center's records with the pictures and determined Defendant was the man who might have been involved in the incident.

The park ranger met with Victim, Victim's brother, and Victim's mother two days after the incident. He showed the still photos to Victim and Victim's brother and asked them if they recognized the man. Both boys identified Defendant. The park ranger prepared a report and turned the case over to the Springfield Police Department.

Steve Schwind ("Officer Schwind"), a child abuse investigator with the Springfield Police Department, was assigned to the case. Officer Schwind made arrangements to interview Defendant. During an initial interview, Defendant "described himself as a pedophile," and said he mainly had a preference for boys between the ages of 9 and 15. Defendant told Officer Schwind he would go to locker rooms and watch children in the shower so he could use those mental images later to fantasize and masturbate. When asked about the incident that occurred at the Center, Defendant said he had watched some boys in the shower. He stated this occurred after he had "finished showering and he was dressed." He denied getting naked with the boys. At the end of that interview, Defendant agreed to take a polygraph test.

On the day the polygraph test was scheduled to take place, the polygraph technician had an unexpected scheduling conflict, but Defendant went to the police station to speak with Officer Schwind anyway. During that interview, Defendant told Officer Schwind he wanted to seek counseling because his coping mechanisms were not working anymore. Defendant then said he had two different memories of what had happened at the Center. In the first memory, Defendant "remembers seeing the boys go in the shower and get out."

In the second memory, Defendant "has visions of the boys actually being in the shower." At the end of the second interview, Officer Schwind arrested Defendant.

Defendant was charged with one count of sexual misconduct involving a child under the age of 15. Defendant waived his right to a jury trial. Victim and his brother were among the witnesses at the bench trial. Victim described the events as related above, but was unable to identify Defendant in the courtroom. Victim's brother also described the incident. Victim's brother identified Defendant in court, but indicated he was not sure about the identification because Defendant had less hair than at the time of the incident. The State introduced evidence regarding the boys' out-of-court identifications of Defendant and regarding Defendant's two interviews with Officer Schwind. During his testimony, Officer Schwind noted that Defendant's appearance had changed since the time of the interviews. At the time of trial, Defendant was more clean shaven and had lost some weight.

The trial court found Defendant guilty and sentenced him to five years incarceration. This appeal followed.

### Discussion

In both of his points on appeal, Defendant challenges the sufficiency of the evidence to support his conviction for sexual misconduct involving a child. "It is the State's burden to prove each and every element of a criminal case." *State v. Messer*, 207 S.W.3d 671, 674 (Mo.App. S.D. 2006). As pleaded in this case, a conviction for sexual misconduct involving a child requires the State to prove the suspect "[k]nowingly expose[d] his or her genitals to a child less than fifteen years of age for the purpose of arousing or gratifying the sexual desire of any person[.]" § 566.083.1(2). Defendant challenges the

State's proof of the element that he acted with the purpose of arousing or gratifying the sexual desire of any person and the State's proof that Defendant was the individual who committed the offense. We address each of these contentions in turn.

### There Was Sufficient Evidence that Defendant Exposed Himself for the Purpose of Gratifying His Sexual Desire

In his first point, Defendant argues there was insufficient evidence to prove that he acted with the purpose of arousing or gratifying his sexual desire because he was in a public shower, he did not touch Victim, he did not talk to Victim, and there was no evidence he had an erection. This argument ignores substantial evidence favorable to the State's case.

The rules for determining whether a particular act was done "for the purpose of arousing or gratifying the sexual desire of any person" were succinctly stated in *Greenlee*:

> The language "for the purpose of arousing or gratifying the sexual desire of any person" is intended to exclude innocent contacts from being deemed criminal conduct. In assessing this intent, the fact-finder considers the circumstances of the particular case. The defendant's purpose is determined from his mental state. However, when examining a defendant's mental state, direct evidence is rarely available, instead intent is most often proven by circumstantial evidence. "Intent may be inferred from surrounding facts or the act itself."

327 S.W.3d at 618 (internal citations omitted).

In the present case, the State presented direct evidence that Defendant exposed his genitals for the purpose of arousing and gratifying his sexual desire. Defendant told Officer Schwind he went into locker rooms to observe young boys so he could use the images from that experience when he masturbated. Furthermore, the facts surrounding the exposure give rise to the inference that Defendant's act of showering with Victim was not innocent. Defendant chose the shower stall occupied by Victim even though other shower stalls were available. Additionally, Defendant took action to prevent Victim from leaving the shower. These actions are not those of a person who is simply taking a shower in a public locker room. Rather, a fact-finder could reasonably use these actions to infer Defendant's purpose was to arouse or gratify his own sexual desire.

Defendant, citing *State v. Beine*, 162 S.W.3d 483 (Mo. banc 2005), suggests that exposing one's genitals in a public shower is not sufficient to support a conviction under the statute because such exposure is expected in a public locker room. There are two problems with that argument. First, as discussed above, Defendant did more than take a shower in a public locker room. Even though there were other empty showers available, Defendant chose to enter a shower stall with a young boy in it and then took actions to prevent the young boy from leaving. Second, *Beine* involved different statutory language. In that case, the Missouri Supreme Court was addressing a question of the sufficiency of the evidence for a conviction under section 566.083.1(1). 162 S.W.3d at 484–85. That subsection, unlike the subsection at issue in the present case, required the prosecution to present evidence that the defendant's acts were committed "in a manner that would cause a reasonable adult to believe that the conduct is likely to cause affront or alarm to a child less than fourteen years of age." § 566.083.1(1), RSMo (2000). That is, the mental element of the crime in *Beine* was different from the mental element of the crime in this case. The court in *Beine* had to determine

if the exposure was likely to cause affront or alarm, not if the acts were committed with the purpose of arousing or gratifying sexual desire. Because the court was addressing a different issue, the decision in *Beine* is not controlling.

There was sufficient evidence from which a rational trier of fact could have concluded that Defendant exposed himself for the purpose of gratifying or arousing the sexual desire of any person. This evidence included Defendant's statements and the evidence of actions he committed in the locker room that were inconsistent with innocent showering. Defendant's first point is denied.

### There Was Sufficient Evidence that Defendant Was the Person Who Committed the Crime

■ In his second point, Defendant argues there was insufficient evidence to prove he was the person who committed the crime because Victim did not make an in-court identification, Victim's brother's in-court identification was uncertain, and there was no evidence showing Defendant was the man represented in the photos from the pool area. This argument is without merit.

■ In any criminal case, "the State has the burden of proving beyond a reasonable doubt the identity of the person who committed the crime." *State v. Robinett*, 63 S.W.3d 236, 240 (Mo.App. W.D. 2001). "Testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case." *State v. Edwards*, 365 S.W.3d 240, 250 (Mo.App. W.D.2012) (quoting *State v. Sumowski*, 794 S.W.2d 643, 645 (Mo. banc 1990)). Furthermore, "[i]n-court identification is not always required." *Id.* at 251 (quoting *State v. Simmons*, 760 S.W.2d 521, 523 (Mo.App. W.D.1988)). Rather, "[w]e must only determine whether, 'from all the evidence,

the jury could have drawn a reasonable inference that the defendant was the perpetrator of the crime.'" *Id.* "Each case is to be examined on its own facts looking at the totality of the circumstances." *State v. Baker*, 23 S.W.3d 702, 708 (Mo.App. E.D.2000).

In the present case, there was sufficient evidence from which a rational trier of fact could reasonably infer Defendant was the guilty party. Victim and his brother identified Defendant from photographs just two days after the incident. Then, Victim's brother identified Defendant in court. Any inconsistencies or ambiguities in the testimony of Victim's brother were simply items the trier of fact could consider in determining the weight to give that testimony. *See Edwards*, 365 S.W.3d at 250. This direct evidence was supported by Defendant's own statements to the police about the incident. There is no merit to Defendant's arguments that there was insufficient evidence to prove identity.

Defendant further suggests the photo identification was not sufficient to support a conviction because no one testified the photos depicted Defendant. This argument is unavailing. First, the State presented evidence showing how the investigators used the pool records and photos to develop a suspect. Defendant was the person identified by that process. In any event, as Defendant failed to provide those photos as part of the record on appeal, we infer they supported the trial court's ruling. *See Creech*, 983 S.W.2d at 171. The trial court had the opportunity, which we lack, to view the photos and compare them with Defendant's appearance at trial. We defer to the trial court's superior opportunity to view and weigh the evidence. *See Harris*, 913 S.W.2d at 350.

There was sufficient evidence to prove Defendant was the person who committed

this crime. Defendant's second point is denied.

### Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES, J., and DANIEL E. SCOTT, P.J., concur.