Nancy Steffen Rahmeyer, J.
Nathan Calistro Falig, Jr. ("Defendant") was charged by amended information with eight separate offenses arising out of his actions during and after a sexual assault of Victim on September 22, 2015. Following Defendant's waiver of the right to a trial by a jury, the trial court heard evidence over two days and subsequently found Defendant guilty of each of the offenses charged with the exception that the trial court found Defendant not guilty of armed criminal action (Count VI). The trial court sentenced Defendant to imprisonment for 25 years on each of Counts I through III, seven years on Count IV,[1] four years on each of Counts V and VII, and five years on Count VIII, with the sentences on Counts I through IV to run concurrently with one another, the sentences on Counts V, VII and VIII to run concurrently with one another, and the sentences on each group of counts to run consecutively to one another for a total sentence of imprisonment for thirty years.
Defendant appeals claiming in two points that the trial court erred in finding Defendant guilty of Counts III and IV because the evidence was insufficient to permit "a reasonable trier of fact" to find "beyond a reasonable doubt that [Defendant] slapped [Victim] on the genitals [and breasts] for the purpose of arousing his own sexual desire." We reject Defendant's claim, and affirm the trial court's judgment.
Standard of Review
"To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal,[2] this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences." State v. Ess , 453 S.W.3d 196, 206 (Mo. banc 2015) (internal quotations omitted). This Court, however, "may not supply missing evidence, or give the [state] the benefit of unreasonable, speculative or forced inferences." State v. Whalen , 49 S.W.3d 181, 184 (Mo. banc 2001) (internal quotations omitted).
State v. Clark , 490 S.W.3d 704, 707 (Mo. banc 2016) (brackets in original except for footnote).
This standard of review applies both to cases tried to a jury and to cases tried to the court. State v. Livingston-Rivard , 461 S.W.3d 463, 466 (Mo.App. S.D. 2015) ;
*550 State v. Mitchell , 203 S.W.3d 246, 249 (Mo.App. S.D. 2006) ; Rule 27.01(b) (in a criminal case tried to the court, the trial court's "findings shall have the force and effect of the verdict of a jury").
Defendant and Victim had previously been in a sexual relationship; however, at the time of the sexual assault they were just roommates. Defendant assaulted Victim in several different and violent ways when he became angry with her. During the sexual assault, Victim was "crying and asking [Defendant] to stop." Victim told Defendant "he was hurting [her] and [Defendant] said it was turning him on."
At the time of these offenses and in the circumstances of Count III, deviate sexual intercourse required "any act involving the genitals of one person and the hand ... of another person ... done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim[.]" Section 566.010(1), RSMo Cum.Supp. 2006. Similarly, and in the circumstances of Count IV, sexual contact required "any touching of ... the breast of a female person ... for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3).[3] In this appeal, Defendant's points do not take issue with the contact itself, but argue that Defendant's actions, charged in Counts III and IV, were about "power and control, not sex."
Viewed in accordance with our standard of review, the evidence and reasonable inferences from the evidence showed the following. Defendant broke into Victim's locked bedroom, struck Victim on her breasts and vagina in the process of a violent sexual assault. In the course of the assault, when told that he was hurting Victim, Defendant said it was turning him on. That statement alone provides the sufficient evidence necessary to support the charge. Furthermore, Defendant's assertion that the actions were not actions of sexual desire but of power and control does not preclude a finding that Defendant was also aroused and gratifying his sexual desire. Sufficient evidence exists from which a reasonable fact-finder might have found beyond a reasonable doubt that Defendant struck Victim on her breasts and vagina for the purpose of arousing his sexual desire. See State v. Ganzorig , 533 S.W.3d 824, 830 (Mo. App. E.D. 2017) ("In assessing whether a defendant touched another 'for the purpose of arousing or gratifying the sexual desire of any person,' a jury may infer intent from the surrounding circumstances or from 'the sexual nature of the act itself.' " (citations omitted) ).
Defendant's points are denied, and the trial court's judgment is affirmed.
Don E. Burrell, P.J.-Concurs
Gary W. Lynch, J.-Concurs

The trial court's written judgment incorrectly shows the sentence on Count IV to be nine years.

Both issues are analyzed under the same standard of review. State v. Browning , 357 S.W.3d 229, 233 (Mo.App. S.D. 2012).

These subsections now are set forth at section 566.010(3) and (6), RSMo 2016.