In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

 STATE OF MISSOURI, ) No. ED108949
 )
 Respondent, ) Appeal from the Circuit Court of
 ) the City of St. Louis
 vs. )
 ) Honorable Scott A. Millikan
 SAMUEL I. HOLMES, )
 )
 Appellant. ) Filed: July 20, 2021

 Introduction

 Following a jury trial, Samuel Holmes (“Appellant”) was found guilty of two counts of

class A felony first-degree child molestation under section 566.0671 and one count of class A

misdemeanor second-degree child molestation under section 566.068. The trial court sentenced

Appellant to fifteen years in the Missouri Department of Corrections for each count to be served

concurrently. Appellant appeals.

 Appellant’s sole point on appeal argues the trial court erred in denying his motion for

judgment of acquittal or new trial because the State did not prove every element of his

convictions beyond a reasonable doubt. Appellant concedes the State produced sufficient

evidence through witness testimony to prove a touching occurred, however, Appellant contends

1
 All statutory references are to RsMo (2017), unless otherwise indicated.
the State failed to produce sufficient evidence to establish Appellant’s actions were done “for the

purpose of arousing or gratifying” his sexual desire. § 566.010(6). We affirm.

 Factual and Procedural Background

 This court views the facts in a jury-tried case in the light most favorable to the jury’s

verdict. State v. Kilgore, 505 S.W.3d 362, 369 (Mo. App. E.D. 2016). The evidence at trial

established on October 15, 2017, Appellant was at his sister’s (“Mother”) house. Mother was

home with Appellant, three other adults, her two minor children, eight-year-old BH and twelve-

year-old CH, and BH’s friend, seven-year-old SL, who was spending the night at the house. SL,

BH, CH, and one of Mother’s adult children were in Mother’s room watching a movie. BH and

SL fell asleep, and Mother left the house. CH left BH and SL sleeping in Mother’s room and

went outside to see friends but returned to the room to check on BH and SL periodically.

 SL woke up to Appellant touching her with his hands on her private parts between her

legs on top of her clothing. SL told Appellant to stop, but he denied touching her. Appellant

then stopped touching SL and put his hands in BH’s pants and touched her front and back private

parts while she was still sleeping. Appellant took BH’s hand and placed it over his clothing on

his penis. SL again told Appellant to stop, and Appellant replied, “Why?” SL woke up BH, and

the girls went to the living room. CH came in the house and saw SL and BH were awake. CH

noticed SL looked distressed and asked the girls why there were awake. Appellant hurriedly left

the room. Mother returned to the house at which point both BH and SL told Mother they felt

someone touch them while they were sleeping. SL told Mother she felt something touch her

over her pants and felt a hand on top of her clothes. Mother called the police and reported

Appellant had touched the girls and was trying to run away. When the police came, Appellant

left.

 2
 SL told the police she was sleeping when she awoke to Appellant touching her private

parts. BH told the police she did not know if Appellant touched her because she was asleep. SL

said she saw Appellant touch BH’s front and back private parts underneath BH’s clothing.

Appellant was later interviewed by a Children’s Division worker, and he denied touching SL and

BH and denied being at the house. At trial, SL’s mother testified since the incident SL had

become very clingy and did not want to go anywhere without her mother.

 As to BH, Appellant was charged with: (1) first-degree child molestation for touching

BH’s genitals, knowing she was his niece, for the purpose of arousing or gratifying his sexual

desire and (2) first-degree child molestation for placing BH’s hand on his genitals, knowing she

was his niece, for the purpose of arousing or gratifying his sexual desire. As to SL, Appellant

was charged with second-degree child molestation for touching SL’s genitals through her

clothing for the purpose of arousing or gratifying his sexual desire.

 A jury trial was held. The State presented the testimony of nine witnesses, and the jury

found Appellant guilty. Appellant then moved for judgment of acquittal notwithstanding the

verdict or in the alternative a new trial, which the trial court denied. The trial court sentenced

Appellant to fifteen years for each count to be served concurrently in the Missouri Department of

Corrections. Appellant now appeals.

 Standard of Review

 When reviewing the sufficiency of the evidence, this Court’s role is limited to

determining “whether there was sufficient evidence from which a reasonable juror could have

found the defendant guilty beyond a reasonable doubt” for each element of the charged offense.

State v. Peeler, 603 S.W.3d 917, 920 (Mo. App. E.D. 2020). “This is not an assessment of

whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt

 3
but rather a question of whether, in light of the evidence most favorable to the State, any rational

fact-finder ‘could have found the essential elements of the crime beyond a reasonable doubt.’”

State v. Nash, 339 S.W.3d 500, 509 (Mo. banc 2011) (quoting State v. Bateman, 318 S.W.3d

681, 686–87 (Mo. banc 2010)). The appellate court must review the record in the light most

favorable to the State and “tak[e] as true the evidence and all logical inferences that support a

finding of guilt and ignor[e] the evidence and inferences that do not support a finding of guilt.”

State v. Ray, 407 S.W.3d 162, 166–67 (Mo. App. E.D. 2013). “When reviewing the sufficiency

of evidence supporting a criminal conviction, the Court does not act as a ‘super juror’ with veto

powers, but gives great deference to the trier of fact.” Nash, 339 S.W.3d at 509 (quoting State v.

Chaney, 967 S.W.2d 47, 52 (Mo. banc 1998)).

 Discussion

 Appellant contends the trial court erred in denying his motion for judgment of acquittal or

new trial because the State did not produce sufficient evidence to establish beyond a reasonable

doubt Appellant’s actions were done for “the purpose of arousing or gratifying” his sexual

desire. § 566.010(6). Appellant claims there was no additional evidence beyond the act of

touching––such as evidence that Appellant was erect, ejaculated, or made statements he felt

good––and, without such evidence, his intent could not be inferred from the touching itself.

 The State must prove each element of a crime beyond a reasonable doubt. Peeler, 603

S.W.3d at 921. Here, Appellant was charged with class A felony first-degree child molestation

and class A misdemeanor second-degree child molestation. A person is guilty of first-degree

child molestation “if he or she subjects another person who is less than fourteen years of age to

 4
sexual contact and the offense is an aggravated sexual offense.”2 § 566.067(1). A person is

guilty of second-degree child molestation “if he or she subjects another person who is less than

seventeen years of age to sexual contact.” § 566.068(1). Sexual contact is defined as “any

touching of another person with the genitals or any touching of the genitals or anus of another

person, or the breast of a female person, or such touching through the clothing, for the purpose of

arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the

victim.” § 566.010(6). Thus, for each offense, the State had to prove beyond a reasonable

doubt: (1) a touching occurred and (2) at the time of the touching Appellant acted with the

purpose of arousing or gratifying his sexual desire.

 “In assessing whether a defendant touched another ‘for the purpose of arousing or

gratifying the sexual desire of any person,’ a jury may infer intent from the surrounding

circumstances or from ‘the sexual nature of the act itself.’” State v. Ganzorig, 533 S.W.3d 824,

830 (Mo. App. E.D. 2017). “Because direct evidence of a defendant’s intent is rarely available,

the State most often proves intent through circumstantial evidence.” Id. The purpose of

requiring proof of defendant’s intent is to “exclude innocent contacts from being deemed

criminal conduct.” State v. Gaines, 316 S.W.3d 440, 456 (Mo. App. W.D. 2010) (quoting State

v. Love, 134 S.W.3d 719, 723 (Mo. App. S.D. 2004)). This Court has found, “[t]ouching a

woman’s vagina is an inherently sexual act, which can alone serve as evidence of Defendant’s

intent to arouse or gratify either his or her sexual desire.” Ganzorig, 533 S.W.3d at 830.

 Appellant incorrectly relies on A.B. v. Juvenile Officer to assert the jury improperly

inferred Appellant’s intent from the act of touching alone. 447 S.W.3d 799 (Mo. App. W.D.

2014). In A.B., the Western District held intent could not be inferred from the act alone when a

2
 An aggravated sexual offense is one in which the actor “[e]ngages in the act that constitutes the offense with a
person the actor knows to be, without regard to legitimacy, the actor’s … niece of the whole blood.”
§ 566.010(1)(f)(d).

 5
twelve-year-old boy touched the genitals of a five-year-old boy on multiple occasions. Id. at

805. The court noted the defendant’s sexual knowledge was that of a seven or eight-year-old

developmentally, and an expert psychologist found the nature of the incidents indicated they

were exploratory and not sexual. Id. at 806. Two expert witnesses testified A.B. was sexually

immature and had not acted for the purpose of sexual gratification. Id. Therefore, the court held

the facts did not demonstrate A.B. acted with a sexual intent. Id.; see also In re J.A.H., 293

S.W.3d 116, 122 (Mo. App. E.D. 2009) (holding there was no evidence an eight or nine-year-old

boy who touched the genitals of a five or six-year-old boy did so for the purpose of sexual

arousal or gratification where there was no evidence of the child’s knowledge of sexual subject

matter or behavioral development).

 This reasoning, however, has been applied only to cases in which both the victim and

defendant were juveniles. In State v. Davis, the Western District rejected this standard when a

fifty-six-year-old man touched his two young granddaughters. 564 S.W.3d 649, 653 (Mo. App.

W.D. 2018). Unlike the defendants in A.B. and J.A.H., the court emphasized the defendant was

not a child nor deficient in knowledge of sex. Similarly, here, Appellant was thirty-one years old

at the time of the incident, and there is no evidence in the record demonstrating he was sexually

immature or deficient in knowledge of sex. Thus, Appellant’s argument there was not sufficient

evidence because intent cannot be inferred from the act alone is inapplicable.3 See State v. Love,

134 S.W.3d 719, 724 (Mo. App. S.D. 2004) (holding defendant touching the genitals of the

seven-year-old victim over her clothing when she sat on his lap was sufficient evidence the

3
 Appellant also cites multiple cases to argue authorities in Missouri have required some evidence of sexual arousal
or desire in addition to the act to uphold a conviction when the defendant is not a juvenile. However, these cases do
not hold there must be additional evidence of defendant’s intent, but rather these cases included circumstantial
evidence the jury could have relied on to infer defendants’ intent. See State v. Morton, 229 S.W.3d 626, 630 (Mo.
App. S.D. 2007); State v. Falig, 554 S.W.3d 548, 550 (Mo. App. S.D. 2018); State v. Messer, 207 S.W.3d 671, 675
(Mo. App. S.D. 2006); State v. Gaines, 316 S.W.3d 440, 455 (Mo. App. W.D. 2010); State v. Lewis, 388 S.W.3d
252, 256 (Mo. App. S.D. 2012).

 6
touching was for the purpose of defendant’s sexual arousal or gratification); State v. Cook, 339

S.W.3d 523, 528 (Mo. App. E.D. 2011) (holding the thirteen-year-old victim’s trial testimony

that defendant forced her to put her hand on defendant’s penis and masturbate him was sufficient

evidence from which the jury could have found defendant acted for the purpose of arousing or

gratifying his sexual desire); State v. Willis 239 S.W.3d 198, 201 (Mo. App. S.D. 2007) (holding

the twelve-year-old victim’s trial testimony that defendant put his hands down her pants, touched

her bottom, rubbed her vagina area, and did not stop until victim yelled would establish

defendant touched victim for the purpose of arousing or gratifying his sexual desire).

 Even if intent could not be inferred from the touching alone, there were numerous facts

the jury could have relied on to find Appellant touched BH and SL for the purpose of arousing or

gratifying his sexual desire. Here, the evidence showed Appellant waited until the girls were

asleep before he touched them. He not only touched both girl’s private areas, he also took BH’s

hand and used it to touch his penis. The multiple touchings suggest Appellant’s conduct was not

incidental or accidental. See Ganzorig, 533 S.W.3d at 831 (stating defendant touching victim’s

private areas twice contradicted defendant’s defense the touching was accidental). Moreover,

when SL asked Appellant to stop, he denied he was touching her. When the girls left the room

and told CH about Appellant’s actions, Appellant fled. When interviewed by a Children’s

Division worker, Appellant denied touching the girls or being at the house. A fact finder could

permissibly infer from these acts and surrounding circumstances Appellant touched BH and SL

for the purpose of arousing or gratifying his sexual desire. § 566.010(6).

 The State presented sufficient evidence at trial from which the jury could have found

beyond a reasonable doubt Appellant acted with the purpose to arouse or gratify his sexual

 7
desire. The trial court did not err in denying Appellant’s motion for judgment of acquittal or new

trial.

 Point denied.

 Conclusion

 For these reasons, we find the trial court did not err in overruling Appellant’s motion for

judgment of acquittal or new trial. The trial court’s judgment is affirmed.

 _______________________________
 Philip M. Hess, Judge

Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

 8